IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KYLE SPEARS; LAURIE SPEARS;
JASON J. BILDERBACK; VINCENT
VOLTAGGIO; JEAN ALLEVA; IRMA
STEVENSON; WALTER STEVENSON;
LAURA ALLEVA; STEPHEN ASAY;
ALTHEA R. BAGBY; ALYSSA R.
BAGBY; PATRICK A. BAGBY;
TRACEY BROOKS; GREGORY
BYNUM; RATHA A. BYNUM;
TANESHA H. BYNUM; CASSANDRA
CLARK; MELVIN CLARK; DAVID K.
CLEMENT; FAITH J. CLEMENT; IRIS
CLEMENT; WADE CLEMENT; MARK
COOPER; SHAMEKA CRITE;
TURQUOISE DAVID; ELEANOR
DIGIOVACCHINO; VITO
DIGIOVACCHINO; RONALD E.
DOUGLASS; LINDA DUNN; LEVI
EPPS; SYLVIA N. EPPS; LOURDES
FLETCHER; MONA M. FLICK;
THOMAS GAINES, III; MELLISSA
GAINES; KENYA GALLOWAY;
BRIDGET GRAHAM; TILIKA
GRIFFIN; ANN T. GROSS; DANIELLE
GROSS; JEFFERY HAINES; BERTHA
GALLOWAY-HAMPTON; KAYLA
HAMPTON; KERMIT HARRIS; MARY
HARRIS; HAROLD JOHNSON, JR.;
ELSIE M. JONES; GREGORY
KERSHAW; JUNE MAIOCCO;
LEONARD MAIOCCO; EDWARD F.
MATLOCK, JR.; GRETCHEN
MATLOCK; CARL J. MATTSON;
KENNETH MATZ; LORA MATZ;
YOHANCE A. MCDOUGALD; MARK
MILHOUS, SR.; PATRICIA MILLER;
RAYMOND R. MILLER; PRINCILLA
JOAN MITCHELL; SOPHIA
MITCHELL; STEPHEN MITCHELL;
DARLENE L. MORINA; JOSEPH L.
MORINA; SHAKIRA MYRICKS;
MARIA S. ORTIZ; JENNA
OUELLETTE; JOEL OUELLETTE;

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. _____

(Case No. 1885, April Term, 2013,
in the Court of Common Pleas of
Philadelphia County, Pennsylvania)

IRIS PADILLA; KARIS PADILLA;                    :
CARLOS PADILLA; DANNY R.                        :
PREBLE; MICHELE PREBLE; DAWN                    :
ROBERTS; DANIEL M. ROBINSON;                    :
ZAKEIRA ROBINSON; MARSHA                        :
ROTHMILLER; MILVINIA ST. JOHN;                  :
FREDERICK SUTER; JUDY SUTER;                    :
JULIE A. SUTER; RONALD T.                       :
SWANSON; MALINDA TAYLOR; JOSE                   :
THORNTON; VERONICA A.                           :
THORNTON; MARGARET TRUSTY;                      :
ANTORIA VERNON; MAE VICTOR;                     :
WALTER A. VICTOR, SR.; WILLIAM                  :
WILLIAMS; JAMES E. WOOD; LILLIE                 :
ANN WOOD; SAMUEL CLARK, a                       :
minor by and through his parent and             :
natural guardian Cassandra Clark;               :
NATASHA CLEMENT, a minor by and                 :
through her parent and natural guardian         :
Yetta Clement;                                  :
SAEED CRITE, a minor by and through             :
his parent and natural guardian Antoria         :
Vernon;                                         :
AL-AHAID DURECOUT, a minor by and               :
through his parent and natural guardian         :
Shakira Myricks;                                :
JADEN GAINES, a minor by and through            :
his parent and natural guardian Mellissa        :
Gaines;                                         :
TAYLOR GAINES, a minor by and                   :
through her parent and natural guardian         :
Mellissa Gaines;                                :
ASIA GALLOWAY, a minor by and                   :
through her parent and natural guardian         :
NASIR GALLOWAY, a minor by and                  :
through his parent and natural guardian         :
Kenya Galloway;                                 :
NEVAEH GALLOWAY, a minor by and                 :
through her parent and natural guardian         :
Kenya Galloway;                                 :
ANAYSIA GRIFFIN, a minor by and                 :
through her parent and natural guardian         :
Tilika Griffin;                                 :
BENJAMIN GROSS, a minor by and                  :
through his parent and natural guardian         :
Ann Gross;                                      :

2

DESHAUN MYRICKS,  minor by and         :
through his parent and natural guardian    :
Shakira Myricks;                           :
AMAYA REED-CLARK, a minor by and       :
through her parent and natural guardian    :
Cassandra Clark;                           :
GABRIELLE M. REEVES, a minor by        :
and through her parent and natural         :
guardian Mona Flick;                       :
NATHAN ROBINSON, a minor by and        :
through his grandparent and guardian       :
Margaret Trusty;                           :
LAQWAN SIMS, a minor by and through    :
his parent and natural guardian Tilika     :
Griffin;                                   :
ANGEL ST. JOHN, a minor by and         :
through her parent and natural guardian    :
Milvinia St. John; and                     :
AMARI WRIGHT, a minor by and           :
through her parent and natural guardian    :
Malinda Taylor.                            :
                                           :
                                           :
          Plaintiffs,                      :
                                           :
v.                                         :
                                           :
CONSOLIDATED RAIL                          :
CORPORATION a/k/a CONRAIL;                 :
NORFOLK SOUTHERN RAILWAY                   :
COMPANY a/k/a NORFOLK                      :
SOUTHERN CORPORATION; CSX                  :
CORPORATION; SEMINOLE GULF                 :
RAILWAY, L.P.; OXYVINYLS, LP;              :
EXXON MOBIL CORPORATION;                   :
UNION TANK CAR COMPANY;                    :
MUREX, N.A., LTD; and GATX                 :
CORPORATION,                               :
                                           :
          Defendants.                      :

---

**NOTICE OF REMOVAL**

---

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, defendants Consolidated Rail Corporation ("Conrail"), Norfolk Southern Railway Company ("Norfolk Southern"), and CSX Transportation, Inc. (collectively, "Railroad Defendants") hereby remove this action to the United States District Court for the Eastern District of Pennsylvania from the Court of Common Pleas for Philadelphia County, where this action is now pending.  In support of this Notice of Removal, Railroad Defendants set forth the following grounds:

1.      This is a civil action over which this Court has original jurisdiction pursuant to the "mass action" provision of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

2.      On April 12, 2013, plaintiff Kyle Spears, together with 105 other named plaintiffs,[1] filed this action in the Court of Common Pleas for Philadelphia County.  The case was captioned *Kyle Spears, et al. v. Consolidated Rail Corporation, et al.*, April Term, 2013, No. 1885.  Plaintiffs—all but one of whom is a citizen of the State of New Jersey—assert claims for damages as a result of the train derailment and chemical leak in Paulsboro, New Jersey, on November 30, 2012.  Plaintiffs allege that they were "exposed to dangerous and harmful levels

---

[1]      While the list of parties attached to the Complaint appears to name 120 plaintiffs, 11 of the 120 are adults bringing suit both individually and on behalf of a minor and thus are listed twice, and one (Yetta Clements) makes claims only on behalf of a minor, not in her own right.  Further, on April 17, 2013, plaintiffs' counsel filed a Praecipe to Dismiss Without Prejudice as to plaintiff Jeffrey Haines, and on May 2, 2013, plaintiffs' counsel filed a Praecipe to Dismiss Without Prejudice as to plaintiff Mark Cooper.  *See* Exhibits B and C hereto.

of vinyl chloride and other dangerous and toxic fumes and substances released into the water and the atmosphere by the rail cars that derailed and/or fell off of the Paulsboro bridge." Compl. ¶ 281.

3.     Defendant Conrail was served with a copy of the summons and Complaint on April 12, 2013.  A true and correct copy of the papers served on Conrail is attached as Exhibit A.

4.     As of May 3, 2013, there have been 17 additional pleadings or papers filed with the Court of Common Pleas for Philadelphia County in this matter.

### GROUNDS FOR REMOVAL

5.     CAFA authorizes removal of "mass actions," which include "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. §§ 1332(d)(11)(A), (d)(11)(B)(i).  Federal district courts have subject matter jurisdiction over "mass actions" originally brought in state court if (1) the actions involve monetary claims of 100 or more persons; (2) the claims are proposed to be tried jointly on the ground that plaintiffs' claims involve common questions of law or fact; (3) at least one plaintiff seeks recovery in excess of $75,000; (4) the aggregate amount in controversy exceeds $5 million; and (5) at least one plaintiff is a citizen of a state different from at least one defendant.  *Id.* § 1332(d)(2), (d)(2)(A), (d)(II)(B)(i).  This case satisfies these standards and, therefore, is properly removable as a "mass action" under CAFA.

### THE COMPLAINT NAMES 100 OR MORE PERSONS AS PLAINTIFFS

6.      This case currently includes 106 plaintiffs.  *See* Exhibit A.  Further, the Complaint seeks monetary relief in the form of compensatory damages and punitive damages, as well as attorney's fees and costs.  *E.g.*, Compl. Count I, *WHEREFORE* (demanding "compensatory damages . . . together with such other damages as this Court deems equitable and just"); Compl. Count V, *WHEREFORE* (demanding "punitive damages, together with interest, attorneys' fees and costs of suit").

7.      Accordingly, the Complaint clearly satisfies the requirement that a case involve the "monetary relief claims of 100 or more persons."  28 U.S.C. § 1332(d)(11)(B)(i).

### THIS CASE INVOLVES CLAIMS THAT ARE PROPOSED TO BE TRIED JOINTLY ON THE GROUND THAT THEY INVOLVE COMMON QUESTIONS OF LAW OR FACT

8.      Although any eventual adjudication of each plaintiff's claims will require resolution of individualized issues of causation and damages, plaintiffs (who elected to bring their various claims in a single complaint) have *proposed* to try their claims jointly on the ground that they involve common questions of law or fact, which is all CAFA's "mass action" provision requires in this regard.  *See* 28 U.S.C. § 1332(d)(11)(B)(i).[2]  As the Complaint makes clear on its face, each plaintiff asserts *identical* claims resting on *identical* allegations that relate to a *single common event*: the November 30, 2012 train derailment and chemical leak in Paulsboro, New Jersey.  Compl. ¶¶ 250-88 (describing "Facts Underlying All Claims").

---

[2]      For the avoidance of doubt, Railroad Defendants expressly do *not* concede that resolution of plaintiffs' claims on a class-wide or joint basis is in fact appropriate.  What matters for purposes of CAFA is whether plaintiffs have proposed to try their claims jointly.  *See* 28 U.S.C. § 1332(d)(11)(B)(i).

### THE $75,000 AMOUNT IN CONTROVERSY REQUIREMENT IS MET FOR AT LEAST ONE PLAINTIFF (AND, INDEED, IS MET FOR EACH PLAINTIFF)

9.      Although Railroad Defendants deny that they are in fact liable under any of the claims or theories of recovery alleged in the complaint and further deny that plaintiffs are in fact entitled to any monetary or equitable relief, the amount in controversy here satisfies the jurisdictional threshold in that it is clear from the Complaint that at least one plaintiff seeks more than $75,000, which is all that CAFA requires for removal to federal court under the "mass action" provision.  *Id.* § 1332(d)(11)(B)(i).

10.      The Complaint does not quantify the amount of damages sought, but instead asserts claims for compensatory damages, punitive damages, "reasonable other damages," the "equitable relief of medical services," interest, attorneys' fees, and costs.  Compl. at pp. 45, 46, 47, 48, 50.  Nor does the Complaint limit the amount of damages sought.  Plaintiffs specifically assert that the amount in controversy is in *excess* of the Pennsylvania state-court arbitration limit of $50,000.  *Id.* ¶ 288; *see also id.*, Civil Cover Sheet (indicating that the "amount in controversy" is "more than $50,000").

11.      Because the Complaint in this case does not even *attempt* to "specifically (and not impliedly) and precisely (and not inferentially)" limit the amount in controversy for each plaintiff to under the $75,000 threshold, were Plaintiffs to move to remand, the burden would be on *them* to show "to a legal certainty that the [they] *cannot* recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 196-97 (3d Cir. 2007) (emphasis in original). "Under the legal-certainty test, federal jurisdiction exists unless it appears, to a legal certainty, that the plaintiff was never entitled to recover the jurisdictional amount." *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009).

12.     That the "legal certainty" burden rests with the plaintiffs is particularly

clear, "[w]here, as here, [a] Plaintiff has alleged damages in excess of $50,000, but has not

explicitly alleged that the amount in controversy is less than the jurisdictional threshold." *See*

*Ciglar v. Ruby Tuesday, Inc.*, 2009 U.S. Dist. LEXIS 22192, at *13 (E.D. Pa. Mar. 19, 2009).

Under these circumstances, "Defendants are relieved of [the] burden" of showing that the

amount in controversy exceeds $75,000, and the Court instead "must remand *only* if it appears to

a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Id.* (first emphasis

added; quotation marks omitted); *see also Schlegel v. State Farm Mut. Auto. Ins. Co.*, 2012 U.S.

Dist. LEXIS 17088, at *8-9 (M.D. Pa. Feb. 10, 2012) (similar); *Vinski v. State Farm Mut. Auto.*

*Ins. Co.*, 2012 U.S. Dist. LEXIS 2567, at *2-3 (W.D. Pa. Jan. 10, 2012) (similar); *Doughty v.*

*Marriott Hotel Servs., Inc.*, 2005 U.S. Dist. LEXIS 29124, at *2 (E.D. Pa. Nov. 17, 2005)

(Baylson, J.) (noting that the "gap" between the $50,000 demanded by the plaintiff and the

$75,000 amount in controversy threshold was "not significant" in a case where "the amount of

damages is to some extent in the jury's discretion").

13.     The amount in controversy is generally determined from a reasonable

reading of the complaint itself: it is "'not measured by the low end of an open-ended claim, but

rather by a reasonable reading of the value of the rights being litigated.'" *Varzally v. Sears,*

*Roebuck & Co.*, 2010 U.S. Dist. LEXIS 81197, at *4 (E.D. Pa. Aug. 11, 2010); *McMonagle v.*

*Franklin Mills Assocs., LP*, 2007 U.S. Dist. LEXIS 17071, at *4 (E.D. Pa. Mar. 9, 2007) ("The

court must ascertain from 'a reasonable reading' of the initial pleading if the statutory amount in

controversy has been satisfied."); *see also Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d

Cir. 2002).  However, because "'the complaint may be silent or ambiguous on one or more of the

ingredients needed to calculate the amount in controversy,'" the Court also must consider the

averments in a defendant's notice of removal, which "'serves the same functions as the complaint would in a suit filed in federal court.'" *Frederico*, 507 F.3d at 196 (quoting *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006)).

14.     The types of serious and grave injuries alleged by plaintiffs, together with the expansive and varied nature of the damages sought, clearly establish that the amount in controversy for each plaintiff exceeds $75,000.  Indeed, whatever the applicable legal standard— *i.e.*, whether it is the "legal certainty" standard articulated in prior Third Circuit precedent or whether it is the "preponderance of the evidence" standard that the Third Circuit may well adopt in light of the enactment of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, *cf.* 28 U.S.C. § 1446(c)(2)(B); *Probola v. Long & Foster Real Estate, Inc.*, 486 F. App'x 229, 232 (3d Cir. 2012); *Basham v. Am. Nat'l County Mut. Ins. Co.*, 2012 U.S. Dist. LEXIS 126609, at *11 (W.D. Ark. Sept. 6, 2012)—it is readily satisfied here.

15.     Specifically, the Complaint includes claims for negligence, nuisance, trespass, and strict liability.  Compl. Counts I-IV.  Plaintiffs claim to have "sustained various physical injuries, including damage to their eyes, respiratory systems, neurological injuries, injuries to their internal organs, pain and suffering, and mental anguish and distress," some or all of which "may be permanent in nature." *Id.* ¶ 284.  Plaintiffs further allege injuries to "their bones, cells, tissues, nerves, muscles and functions," as well as "increased likelihood of developing cancer and diseases of the blood, the fears associated with same; and severe physical, emotional and psychological pain and suffering." *Id.* ¶ 285; *see also id.* ¶ 303 (alleging that plaintiffs have been "placed at a significantly increased risk of contracting serious diseases, e.g., angiosarcoma of the liver, liver cancer, brain cancer, Raynaud's syndrome, and other cancers").  Plaintiffs allege that they will have to "expend large sums of money in the future to treat" these

injuries.  *Id.* ¶ 286.  At least two plaintiffs have asserted claims for loss of consortium.  *Id.* ¶¶ 4, 106.

      16.      Decisions from this Court have held that the amount in controversy will, as a matter of course, exceed $75,000 when a plaintiff seeks recovery for medical expenses, pain and suffering, and emotional distress arising out of serious personal injuries as those alleged in the Complaint.  Allegations of "severe and permanent injuries to various parts of [plaintiff's] body that have required and may continue to require, medical care" resulting in "severe loss of earning capacity," coupled with a plaintiff's demand for damages "in excess" of $50,000 have been found to satisfy the amount in controversy requirement.  *McMonagle*, 2007 U.S. Dist. LEXIS 17071, at *4-5; *see Marie v. Sears Auto Repair Ctr.*, 2011 U.S. Dist. LEXIS 5476, *5-7 (E.D. Pa. Jan. 20, 2011) (allegations of ankle fracture, knee injury and lymphadema, requiring extended medical care and financial loss, coupled with generalized allegation that damages exceeded $50,000, were sufficient to meet the amount in controversy requirement); *Dibattista v. Dixon*, 2009 U.S. Dist. LEXIS 65175 at *1-7 (E.D. Pa. July 27, 2009) (allegations of "permanent" injuries, "severe physical pain" and "severe nervous shock," coupled with generalized allegation that the plaintiffs sought damages in excess of $50,000, were sufficient to meet the amount in controversy requirement).[3]

---

[3]    *See also Sherman v. Bally's Hotel & Casino*, 2010 U.S. Dist. LEXIS 36191, at *2 n.2 (D.N.J. Apr. 13, 2010) ("[C]laims for potentially permanent injuries and pain and suffering may often give rise to damages in excess of $75,000."); *Clark v. J.C. Penney Corp.*, 2009 U.S. Dist. LEXIS 129380, at *11 (D.N.J. Apr. 14, 2009) ("[P]ursuant to *Frederico* it will be hard to remand diversity personal injury cases without an express limitation of damages." (quotation marks omitted)); *Carroll v. United Air Lines, Inc.*, 7 F. Supp. 2d 516, 522-23 (D.N.J. 1998) (collecting other cases).

17.     Additionally, plaintiffs devote an entire count of the Complaint to a claim for medical monitoring, alleging that there "are medical monitoring procedures that can alert persons, like Plaintiffs, to the early developments of such serious and life threatening diseases," such as angiosarcoma of the liver, liver cancer, brain cancer, Raynaud's syndrome, and other diseases. Compl. ¶ 311.  Plaintiffs claim that they are entitled to a medical monitoring program, "funded by Defendants, under court supervision, including but not limited to, testing and screening for latent medical conditions." *Id.* ¶ 312.  Such a medical-monitoring program is a "common fund" form of relief in which the *full value* of the *entire* fund is applied to *each* plaintiff for amount-in-controversy purposes. *See In re Diet Drugs Prods. Liab. Litig.*, 1999 U.S. Dist. LEXIS 13228, at *17-20 (E.D. Pa. 1999); *see also In Re Baycol Prods. Litig.*, 2003 U.S. Dist. LEXIS 26846, at *7-10 (D. Minn. Feb. 25, 2003); *Jackson ex rel. Jackson v. Johnson & Johnson, Inc.*, 2001 U.S. Dist. LEXIS 22329, at *13-16 (W.D. Tenn. Apr. 3, 2001).  A fund dedicated to providing medical monitoring for these 106 individual plaintiffs could be well in excess of $75,000.

18.     Plaintiffs also assert lost earnings and a loss of value of their real and personal property, all of which will allegedly persist for an "indefinite time in the future." Compl. ¶¶ 286-87.  Plaintiffs also seek compensatory damages under a theory of nuisance for unreasonable interference "with each Plaintiffs' use and enjoyment of his/her property" which allegedly has "greatly impaired his/her quality of life and has caused Plaintiffs to suffer diminution of property value." Compl. ¶ 295.  Plaintiffs further seek compensatory damages under a theory of trespass for "acts and omissions" that allegedly "have caused vinyl chloride to migrate onto the properties of the Plaintiffs . . . causing a diminution of property value." *Id.* ¶ 297.

19.     Moreover, 46 of the 106 plaintiffs (representing 28 different properties) specifically claim that they "ha[ve] and will incur damage to [their] real property due to the crash."[4] Compl. ¶¶ 12, 14, 26, 28, 30, 42, 44, 52, 54, 58, 64, 68, 70, 74, 82, 86, 88, 90, 96, 98, 100, 102, 112, 114, 116, 120, 122, 124, 128, 130, 132, 134, 138, 140, 142, 146, 154, 156, 158, 160, 164, 168, 172, 174, 178, 180.  Plaintiffs allege that they have suffered "property loss and damages . . . and a diminution [sic] property value due to the contamination by the vinyl chloride." *Id.* ¶ 298.  Whether taken alone or combined with the other damages claimed by plaintiffs, the amount in controversy for claims of damage to real property exceeds the $75,000 threshold.

20.     The Complaint further seeks punitive damages from each defendant, in addition to the types of compensatory damages described above (which, as explained, already exceed the $75,000 amount in controversy threshold for each plaintiff).  *See* Compl. ¶¶ 305-08, *supra.*  Plaintiffs allege that Railroad Defendants acted in an "outrageous, willful and grossly careless" and "reckless" manner.  *Id.* ¶¶ 306-07.  When, as here, the legal certainty burden is on the plaintiffs, a request for punitive damages, taken together with a request for compensatory damages under $75,000, can *by itself* be sufficient to show that the $75,000 amount in controversy requirement is satisfied.  *See Huber v. Taylor,* 532 F.3d 237, 244 (3d Cir. 2008) ("If appropriately made. . . claims for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the

---

[4]     Plaintiff Daniel Robinson asserts damage to his real property, but the Complaint does not disclose the address of this property.  *See* Complaint ¶¶ 145-46.  The numbers here assume that Mr. Robinson's property is not a property for which another plaintiff claims damages.

plaintiff's claim is below the statutory minimum." (quotation marks and emphasis omitted)); *see also Hamm v. Allstate Prop. & Cas. Ins. Co.*, 2012 U.S. Dist. LEXIS 159348, *15 (W.D. Pa. Nov. 7, 2012); *Johnson v. State Farm Life Ins. Co.*, 695 F. Supp. 2d 201, 207 (W.D. Pa. 2010); *Denicola v. Progressive Direct Ins. Co.*, 2009 U.S. Dist. LEXIS 51372, at *5-6 (M.D. Pa. June 16, 2009).

21.     Thus, a reasonable and conservative reading of the Complaint and the damages claimed by each plaintiff confirms that the $75,000 threshold is easily achieved. Specifically, punitive damage awards in chemical spills and releases frequently are several multiples of the compensatory damages figure. *See, e.g., Caudill v. E.I. Dupont*, 2010 KY Trial Ct. Rev. LEXIS 88 (D. Ky. Feb. 18, 2010) (court applied a previous jury's 10:1 multiplier for punitive damages resulting from sulfuric acid mist release that caused respiratory and emotional injuries, where there was evidence of corrosion in piping).

22.     Plaintiffs also seek attorneys' fees. *See* Compl., Counts IV and V, Prayer for Relief; *see also id.* ¶ 312 (seeking "reasonable attorney's fees"). "[I]n calculating the amount in controversy, [the Court] must consider potential attorneys' fees." *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997). "Fees could be as much as thirty percent of the judgment," *Frederico*, 507 F.3d at 199, which would increase the amount in controversy for each plaintiff still further.

23.     In short, the amount in controversy in this CAFA "mass action" seeking compensatory and punitive damages and other monetary recovery for alleged harm to each plaintiff's "eyes, respiratory systems, neurological injuries, . . . internal organs," "bones, cells, tissues, nerves, muscles and functions"; an allegedly "increased likelihood of developing cancer

and diseases of the blood"; "severe physical, emotional and psychological pain and suffering"; and "mental anguish and distress"—all of which, according to plaintiffs, may be "permanent in nature," will continue for an "indefinite time in the future," and will require the expenditure of "large sums of money" to treat—plainly and surely exceeds $75,000 for each plaintiff. *See generally* Compl. ¶¶ 284-87.

### CAFA's $5 Million Aggregate Amount In Controversy Requirement Is Satisfied

24.     The CAFA amount-in-controversy threshold is satisfied because the aggregate amount in controversy exceeds $5 million.  28 U.S.C. §§ 1332(d)(2), (6).  There are 106 plaintiffs in this case, each of whom seeks "in excess of $50,000."  Compl. ¶ 288.  Using the $50,000 claimed by plaintiffs as a minimum baseline figure, the aggregate amount in controversy set forth in plaintiffs' own pleading would be $5,350,000.

### The Minimal Diversity of Citizenship Requirement Is Satisfied

25.     All but one of the plaintiffs allege that they are citizens of New Jersey; a single plaintiff alleges that he is a citizen of New York.  Compl. ¶¶ 1-214.

26.     Defendant Conrail is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.

27.     Defendant Norfolk Southern is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business in Norfolk, Virginia.

28.     Defendant CSX Transportation, Inc. is a corporation organized and existing under the law of the State of Virginia, with its principal place of business in Jacksonville, Florida.[5]

29.     Defendant Seminole Gulf Railway, L.P., is alleged to be a Florida corporation, with its principal place of business in Florida. *Id.* ¶ 223.

30.     Defendant OxyVinyls, LP is alleged to be a Delaware corporation, with its principal place of business in Texas. *Id.* ¶ 230.

31.     Defendant Exxon Mobil Corporation is alleged to be an Illinois corporation, with its principal place of business in Texas. *Id.* ¶ 232.

32.     Defendant Union Tank Car Company is alleged to be an Illinois corporation, with its principal place of business in Illinois. *Id.* ¶ 234.

33.     Defendant Murex, N.A., Ltd. is alleged to be a Texas corporation with its principal place of business in Texas. *Id.* ¶ 236.

---

[5]     CSX Corporation is listed in the Complaint's caption, but there is no corresponding paragraph in the body of the Complaint. *See generally* Compl. ¶¶ 217-39.  We do not construe the Complaint as naming CSX Corporation as a defendant. *See, e.g., Heim v. York County Prison*, 2013 U.S. Dist. LEXIS 50074, at *19 (M.D. Pa. Apr. 8, 2013) (noting that the Third Circuit has "affirm[ed] dismissal of defendant who was only named in caption of case"); *Juaquee v. Pike County Corr. Facility Employees.*, 2012 U.S. Dist. LEXIS 186188, at *13 (M.D. Pa. July 5, 2012), *denied as moot by* 2013 U.S. Dist. LEXIS 21347 (M.D. Pa. Feb. 1, 2013).  At any rate, CSX Corporation is a corporation organized and existing under the law of the State of Virginia, with its principal place of business in Jacksonville, Florida.

34.    Defendant GATX Corporation is alleged to be a New York corporation, with its principal place of business in Illinois. *Id.* ¶ 238.

35.    The requirement that at least one plaintiff be a citizen of a state different from at least one defendant is satisfied.

\*        \*        \*

36.    Accordingly, in light of the number of plaintiffs proposing to try jointly monetary relief claims involving common questions of fact and law, the amount in controversy (both as to each plaintiff and in the aggregate), and the fact that at least one plaintiff is a citizen of a state different from that of at least one defendant, this Court has jurisdiction over this mass action under CAFA, *see* 28 U.S.C. § 1332(d), and this action may be properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

37.    This Notice of Removal is being timely filed and served pursuant to 28 U.S.C. § 1446(b).  Defendant Conrail was served with a copy of the summons, civil cover sheet, complaint, and jury demand on April 12, 2013.

38.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served by overnight delivery on plaintiffs by service upon their attorneys of record and will be filed with the Prothonotary of the Court of Common Pleas, Philadelphia County, Pennsylvania.

39.    By filing this Notice, Railroad Defendants do not waive and instead expressly reserve their right to raise any and all defenses and objections that may be available to them.

16

WHEREFORE, defendants Consolidated Rail Corporation, Norfolk Southern Railway Company, and CSX Transportation, Inc. respectfully request that the above-captioned action be removed from the Court of Common Pleas, Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Ralph G. Wellington, Esq. (Pa. Id. No. 10068)
Alison C. Finnegan, Esq. (Pa. Id. No. 88519)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 751-2488; -2117
Fax: (215) 751-2205
Email: rwellington@schnader.com
       afinnegan@schnader.com


David A. Damico, Esq. (Pa. Id. No. 40987)
Daniel B. Donahoe, Esq. (Pa. Id. No. 58822)
BURNS WHITE LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212
Tel: (412) 995-3206
Email:  dadamico@burnswhite.com
        dbdonahoe@burnswhite.com
*Attorneys for Defendants Consolidated Rail Corporation, Norfolk Southern Railway Company, and CSX Transportation, Inc.*

Dated:  May 3, 2013

17

<u>**List of Related Cases Pursuant to Local Civil Rule 40.1(b)(3)**</u>

Pursuant to Local Civil Rule 40.1(b)(3), I hereby certify that the matter in controversy is not the subject of any actions currently pending in this Court.

The matter in controversy is the subject of the following actions pending in the Court of Common Pleas for Philadelphia County:

Jill Swindell-Filiaggi, et al. vs. CSX Corporation, et al.[6]
December Term, 2012, No. 1490

Betty Medley et al. v. Consolidated Rail Corporation et al.
February Term, 2013, No. 2334

Estate of Hardy et al. v. Consolidated Rail Corporation et al.
February Term, 2013, No. 2534

In addition, the matter in controversy is the subject of the following actions pending in the United States District Court for the District of New Jersey:

Alice Breeman v. Consolidated Rail, et al.
CA #1:12-cv-07468-RBK-KMW

Cynthia Lord, et al. v. Consolidated Rail, et al.
CA #1:12-cv-07747-RBK-KMW

Tonya Kidd, et al. v. Consolidated Rail, et al.
CA #1:13-cv-00410-RBK-KMW

Donald Wilson, et al. v. Consolidated Rail, et al.
CA #1:12-cv-07586-RBK-KMW

---

[6]    The *Swindell-Filiaggi* case was remanded from this Court to the Court of Common Pleas on February 8, 2013. While pending in the Eastern District of Pennsylvania, that case was assigned to the Honorable Michael Baylson and assigned the following docket number: No. 2:12-CV-06962-MMB.

Kathleen A. Pollicino, et al. v. Consolidated Rail, et al.
CA #1:12-cv-07648-RBK-KMW

Owen Haynes, et al. v. CSX Transportation, Inc., et al.
CA #1:13-cv-00410-RBK-KMW

Wilson d/b/a Don's Barbershop v. Consolidated Rail Corporation et al.
CA #13-cv-00761-RBK-KMW

Karen Armistead et al. v. Consolidated Rail Corporation, et al.
CA # 13-cv-02358-RBK-KMW

Robert Canning et al. v. Consolidated Rail Corporation et al.
CA#13-cv-02357-RBK-KMW

Ralph G. Wellington

Dated: May 3, 2013

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2013, a true and correct copy of the foregoing

Notice of Removal and accompanying exhibits were served by UPS overnight delivery upon the

following counsel of record:

Aaron Freiwald, Esquire
Layser & Freiwald, P.C.
1500 Walnut Street, 18th Floor
Philadelphia, PA 19102


*Attorneys for Plaintiffs*

Jacqueline M. Carolan, Esquire
Amy C. Purcell, Esquire
Fox Rothschild LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103


*Attorneys for Defendant GATX Corporation*


Stephen M. Calder, Esquire
Palmer Biezup & Henderson LLP
190 N. Independence Mall West
Suite 401
Philadelphia, PA 19106

*Attorneys for Defendant Murex, N.A., Ltd.*

Oxyvinyls, LP
5005 LBJ Freeway, Suite 2200
Dallas, TX 75244

Scott C. McKinley, Esquire
Law Offices of Hoffman, DiMuzio
1739-1753 Delsea Drive
P.O. Box 285
Franklinville, NJ 08322


*Attorneys for Plaintiffs*

Wayne A. Graver, Esquire
Michael F. McKeon, Esquire
Lavin O'Neil Ricci Cedrone & DiSipio
190 N. Independence Mall West
6th & Race Streets, Suite 500
Philadelphia, PA 19106


*Attorneys for Defendant Union Tank Car
Company*

Seminole Gulf Railway, L.P.
4110 Centerpointe Drive #207
Fort Myers, FL 33916

Exxon Mobil Corporation
5959 Las Colinas Boulevard
Irving, TX 75039


Ralph G. Wellington

Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **APRIL 2013** 001885 |
| E-Filing Number: 1304019746 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| KYLE SPEARS | CONSOLIDATED RAIL CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 25 ISLAND ROAD MONROEVILLE NJ 08343 | 1717 ARCH STREET 32ND FLOOR PHILADELPHIA PA 19103 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| LAURIE SPEARS | CONSOLIDATED RAIL CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 25 ISLAND ROAD MONROEVILLE NJ 08343 | 1717 ARCH STREET 32ND FLOOR PHILADELPHIA PA 19103 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JASON BILDERBACK | NORFOLK SOUTHERN RAILWAY COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 32 OAKTON DRIVE MANTUA NJ 08051 | THREE COMMERCIAL PLACE NORFOLK VA 23510 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 120 | 11 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

2T - TOXIC TORT PERSONAL INJURY

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED**
**PRO PROTHY**

APR 12 2013

K. DALY

IS CASE SUBJECT TO COORDINATION ORDER?

YES     NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: KYLE SPEARS , LAURIE SPEARS , JASON BILDERBACK , VINCENT VOLTAGGIO , JI

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| AARON J. FREIWALD | 1500 WALNUT STREET 18TH FLOOR PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)875-8000 | (215)875-8575 |

| SUPREME COURT IDENTIFICATION NO. | E MAIL ADDRESS |
|---|---|
| 78028 | ajf@layserfreiwald.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| AARON FREIWALD | Friday, April 12, 2013, 11:33 am |

RECEIVED
APR 1 2 2013
By 6004

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF PLAINTIFFS:

1. MARSHA ROTHMILLER
   149 S. ACADEMY STREET
   GLASSBORO NJ 08028
2. ANTORIA VERNON
   458 PINE BROOK DRIVE
   PAULSBORO NJ 08066
3. BERTHA GALLOWAY-HAMPTON
   31 W. MONROE STREET
   PAULSBORO NJ 08066
4. LILLIE ANN. WOOD
   412 SUMMIT AVENUE
   PAULSBORO NJ 08066
5. JAMES E. WOOD
   412 SUMMIT AVENUE
   PAULSBORO NJ 08066
6. WILLIAM WILLIAMS
   20 W. JEFFERSON STREET
   PAULSBORO NJ 08066
7. WALTER A. VICTOR SR
   1671 SWEDESBORO AVENUE
   PAULSBORO NJ 08066
8. MAE VICTOR
   1671 SWEDESBORO AVENUE
   PAULSBORO NJ 08066
9. MARGARET TRUSTY
   14 ROOSEVELT AVENUE
   PAULSBORO NJ 08066
10. VERONICA A. THORNTON
    257 WASHINGTON STREET
    PAULSBORO NJ 08066
11. JOSE THORNTON
    257 WASHINGTON STREET
    PAULSBORO NJ 08066
12. MALINDA TAYLOR
    54 ROOSEVELT AVENUE
    PAULSBORO NJ 08066
13. RONALD T. SWANSON
    300 NASSAU AVENUE
    PAULSBORO NJ 08066
14. JULIE A. SUTER
    506 CRANE STREET
    PAULSBORO NJ 08066
15. JUDY SUTER
    120 BENNERS AVENUE
    PAULSBORO NJ 08066
16. FREDERICK SUTER
    120 BENNERS AVENUE
    PAULSBORO NJ 08066
17. MILVINIA ST. JOHN
    118 W. ADAMS STREET
    PAULSBORO NJ 08066
18. ZAKEIRA ROBINSON
    408 BROADWAY  APT. B-5
    WESTVILLE NJ 08093
19. DANIEL ROBINSON
    484 W. 43RD STREET #17-0
    NEW YORK NY 10036
20. DAWN M. ROBERTS
    312 BLUE JAY STREET
    PAULSBORO  NJ 08066
21. MICHELE  PREBLE
    345 BILLINGS AVENUE
    PAULSBORO NJ 08066
22. DANNY R. PREBLE
    345 BILLINGS AVENUE
    PAULSBORO NJ 08066


RECEIVED
APR 1 2 2013
By_____

23. CARLOS PADILLA
    1525 S. DELAWARE STREET
    PAULSBORO NJ 08066
24. KARIS PADILLA
    1525 S. DELAWARE STREET
    PAULSBORO NJ 08066
25. IRIS PADILLA
    1525 S. DELAWARE STREET
    PAULSBORO NJ 08066
26. JOEL OUELLETTE
    630 BILLINGS AVENUE
    PAULSBORO NJ 08066
27. JENNA OUELLETTE
    630 BILLINGS AVENUE
    PAULSBORO NJ 08066
28. MARIA S. ORTIZ
    13-B BAIRD AVENUE
    PAULSBORO NJ 08066
29. SHAKIRA MYRICKS
    1315 PINE STREET
    PAULSBORO NJ 08066
30. JOSEPH L. MORINA
    25 RIVERVIEW AVENUE
    PAULSBORO NJ 08066
31. DARLENE L. MORINA
    25 RIVERVIEW AVENUE
    PAULSBORO NJ 08066
32. STEPHEN MITCHELL
    333 THOMSON AVENUE
    PAULSBORO PA 08066
33. SOPHIA MITCHELL
    333 THOMSON AVENUE
    PAULSBORO NJ 08066
34. PRINCILLA  JOAN. MITCHELL
    333 THOMSON AVENUE
    PAULSBORO NJ 08066
35. RAYMOND R. MILLER
    31 RIVERVIEW AVENUE
    PAULSBORO NJ 08066
36. PATRICIA MILLER
    31 RIVERVIEW AVENUE
    PAULSBORO NJ 08066
37. MARK MILHOUS SR
    301 E. OLIVE STREET
    WESTVILLE NJ 08093
38. YOHANCE A. MCDOUGALD
    70 CHELSEA AVENUE
    NEWARK NJ 07106
39. LORA MATZ
    7 W. DELAWARE STREET
    PAULSBORO NJ 08066
40. KENNETH MATZ
    7 W. DELAWARE STREET
    PAULSOBORO NJ 08066
41. GRETCHEN MATLOCK
    569 BEACON AVENUE
    PAULSBORO NJ 08066
42. EDWARD F. MATLOCK JR
    569 BEACON AVENUE
    PAULSBORO NJ 08066
43. LEONARD MAIOCCO
    222 NASSAU AVENUE
    PAULSBORO NJ 08066
44. JUNE MAIOCCO
    220 NASSAU AVENUE
    PAULSBORO NJ 08066
45. GREGORY KERSHAW


RECEIVED
APR 1 2 2013
By

```
      905 ACADIA DRIVE
      TURNERSVILLE NJ 08012
46. ELSIE M. JONES
      51 ROOSEVELT AVENUE
      PAULSBORO NJ 08066
47. HAROLD JOHNSON JR
      1211 WALTER AVENUE
      PAULSBORO NJ 08066
48. MARY HARRIS
      265 VANNEMAN BOULEVARD
      PAULSBORO NJ 08066
49. KERMIT HARRIS
      265 VANNEMAN BOULEVARD
      PAULSBORO NJ 08066
50. KAYLA HAMPTON
      31 W. MONROE STREET
      PAULSBORO NJ 08066
51. JEFFREY HAINES
      22 LAUREL STREET
      WOODBURY NJ 08096
52. ANN T. GROSS
      544 BEACON AVENUE
      PAULSBORO NJ 08066
53. TILIKA GRIFFIN
      112 E. MADISON AVENUE
      PAULSBORO NJ 08066
54. BRIDGET GRAHAM
      257 WASHINGTON STREET
      PAULSBORO NJ 08066
55. KENYA GALLOWAY
      31 W. MONROE STREET
      PAULSBORO NJ 08066
56. MELLISSA GAINES
      1227 HEDDON AVENUE
      PAULSBORO NJ 08066
57. THOMAS GAINES III
      1227 HEDDON AVENUE
      PAULSBORO NJ 08066
58. MONA M. FLICK
      544 BEACON AVENUE
      PAULSBORO NJ 08066
59. LOURDES FLETCHER
      424 SUMMIT AVENUE
      PAULSBORO NJ 08066
60. SYLVIA N. EPPS
      51 ROOSEVELT AVENUE
      PAULSBORO NJ 08066
61. LEVI EPPS
      51 ROOSEVELT AVENUE
      PAULSBORO NJ 08066
62. LINDA DUNN
      60 LARK STREET
      PAULSBORO NJ 08066
63. RONALD E. DOUGLASS
      1762 CROWN POINT ROAD UNIT 623
      THOROFARE NJ 08086
64. VITO DIGIOVACCHINO
      28 RIVERVIEW AVENUE
      PAULSBORO NJ 08066
65. ELEANOR DIGIOVACCHINO
      28 RIVERVIEW AVENUE
      PAULSBORO NJ 08066
66. TURQUOISE  DAVIS
      225 W. BROAD STREET
      PAULSBORO NJ 08066
67. SHAMEKA CRITE
      225 W. BROAD STREET
```



RECEIVED
APR 12 2013
By_____

PAULSBORO NJ 08066
68. MARK COOPER
    150 SWEDESBORO AVENUE
    GIBBSTOWN NJ 08027
69. WADE CLEMENT
    24 W. JEFFERSON STREET
    PAULSBORO NJ 08066
70. IRIS CLEMENT
    24 W. JEFFERSON STREET
    PAULSBORO NJ 08066
71. FAITH J. CLEMENT
    20 W. JEFFERSON STREET
    PAULSBORO NJ 08066
72. DAVID K. CLEMENT
    20 W. JEFFERSON STREET
    PAULSBORO NJ 08066
73. MELVIN CLARK
    1211 WALTER AVENUE
    PAULSBORO NJ 08066
74. CASSANDRA CLARK
    1211 WALTER AVENUE
    PAULSBORO NJ 08066
75. TANESHA J. BYNUM
    225 WEST BROAD STREET
    PAULSBORO NJ 08066
76. RATHA A. BYNUM
    225 WEST BROAD STREET
    PAULSBORO NJ 08066
77. GREGORY BYNUM
    225 WEST BROAD STREET
    PAULSBORO NJ 08066
78. TRACEY BROOKS
    337 THOMSON AVENUE
    PAULSBORO NJ 08066
79. PATRICK A. BAGBY
    26 ROOSEVELT AVENUE
    PAULSBORO NJ 08066
80. ALYSSA R. BAGBY
    26 ROOSEVELT AVENUE
    PAULSBORO NJ 08066
81. ALTHEA R. BAGBY
    26 ROOSEVELT AVENUE
    PAULSBORO NJ 08066
82. STEPHEN ASAY
    345 BILLINGS AVENUE
    PAULSBORO NJ 08066
83. LAURA ALLEVA
    544 BEACON AVENUE
    PAULSBORO NJ 08066
84. WALTER STEVENSON
    216 E. JEFFERSON STREET
    PAULSBORO NJ 08066
85. IRMA STEVENSON
    216 E. JEFFERSON STREET
    PAULSBORO NJ 08066
86. JEAN ALLEVA
    544 BEACON AVENUE
    PAULSBORO NJ 08066
87. VINCENT VOLTAGGIO
    905 GRAYFOX CIRCLE
    SEWELL NJ 08080
88. JASON BILDERBACK
    32 OAKTON DRIVE
    MANTUA NJ 08051
89. LAURIE SPEARS
    25 ISLAND ROAD
    MONROEVILLE NJ 08343


RECEIVED
APR 1 2 2013
By

90. KYLE SPEARS
    25 ISLAND ROAD
    MONROEVILLE NJ 08343
91. AMARI WRIGHT
    54 ROOSEVELT AVENUE
    PAULSBORO NJ 08066
92. ANGEL ST. JOHN
    118 W. ADAMS STREET
    PAULSBORO NJ 08066
93. LAQWAN SIMS
    112 E. MADISON AVENUE
    PAULSBORO NJ 08066
94. NATHAN ROBINSON
    14 ROOSEVELT AVENUE
    PAULSBORO NJ 08066
95. GABRIELLE M. REEVES
    544 BEACON AVENUE
    PAULSBORO NJ 08066
96. AMAYA REED-CLARK
    1211 WALTER AVENUE
    PAULSBORO NJ 08066
97. DESHAUN MYRICKS
    1315 PINE STREET
    PAULSBORO NJ 08066
98. BENJAMIN GROSS
    544 BEACON AVENUE
    PAULSBORO NJ 08066
99. ANAYSIA GRIFFIN
    112 E. MADISON AVENUE
    PAULSBORO NJ 08066
100. NEVAEH GALLOWAY
     31 W. MONROE STREET
     PAULSBORO NJ 08066
101. NASIR GALLOWAY
     31 W. MONROE STREET
     PAULSBORO NJ 08066
102. ASIA GALLOWAY
     31 W. MONROE STREET
     PAULSBORO NJ 08066
103. TAYLOR GAINES
     1227 HEDDON AVENUE
     PAULSBORO NJ 08066
104. JADEN GAINES
     1227 HEDDON AVENUE
     PAULSBORO NJ 08066
105. AL-AHAID DURECOUT
     1315 PINE STREET
     PAULSBORO NJ 08066
106. SAEED CRITE
     458 PINE BROOK DRIVE
     MANTUA NJ 08051
107. NATASHA CLEMENT
     1705 ARONS CIRCLE
     SEWELL NJ 08080
108. SAMUEL CLARK
     1211 WALTER AVENUE
     PAULSBORO NJ 08066
109. MALINDA TAYLOR
     54 ROOSEVELT AVENUE
     PAULSBORO NJ 08066
110. MILVINIA ST. JOHN
     118 W. ADAMS STREET
     PAULSBORO NJ 08066
111. MARGARET TRUSTY
     14 ROOSEVELT AVENUE
     PAULSBORO NJ 08066
112. MONA FLICK


RECEIVED
APR 1 2 2013
By

```
        544 BEACON AVENUE
        PAULSBORO NJ 08066
113. ANN GROSS
        544 BEACON AVENUE
        PAULSBORO NJ 08066
114. TILIKA GRIFFIN
        112 E. MADISON AVENUE
        PAULSBORO NJ 08066
115. KENYA GALLOWAY
        31 W. MONROE STREET
        PAULSBORO NJ 08066
116. MELLISSA GAINES
        1227 HEDDON AVENUE
        PAULSBORO NJ 08066
117. SHAKIRA MYRICKS
        1315 PINE STREET
        PAULSBORO NJ 08066
118. ANTORIA VERNON
        258 PINE BROOK DRIVE
        MANTUA NJ 08051
119. YETTA CLEMENT
        1705 ARONS CIRCLE
        SEWELL NJ 08080
120. CASSANDRA CLARK
        1211 WALTER AVENUE
        PAULSBORO NJ 08066
```

## COMPLETE LIST OF DEFENDANTS:

```
  1. CSX CORPORATION
        2704 COMMERCE DRIVE SUITE B
        HARRISBURG PA 17110
  2. GATX CORPORATION
        222 WEST ADAMS STREET
        CHICAGO IL 60606
  3. MUREX, N.A., LTD.
        5057 KELLER SPRINGS ROAD SUITE 150
        ADDISON  TX 75001
  4. UNION TANK CAR COMPANY
        175 WEST JACKSON BOULEVARD
        CHICAGO IL 60604
  5. EXXON MOBIL CORPORATION
        5959 LAS COLINAS BOULEVARD
        IRVING  TX 75039
  6. OXYVINYLS, LP
        5005 LBJ FREEWAY SUITE 2200
        DALLAS TX 75244
  7. SEMINOLE GULF RAILWAY, L.P.
        4110 CENTERPOINTE DRIVE #207
        FORT MYERS FL
  8. CSX TRANSPORTATION, INC.
        2704 COMMERCE DRIVE SUITE B
        HARRISBURG PA 17110
  9. NORFOLK SOUTHERN RAILWAY COMPANY
        THREE COMMERCIAL PLACE
        NORFOLK VA 23510
 10. CONSOLIDATED RAIL CORPORATION
        1717 ARCH STREET 32ND FLOOR
        PHILADELPHIA PA 19103
 11. CONSOLIDATED RAIL CORPORATION
        1717 ARCH STREET 32ND FLOOR
        PHILADELPHIA PA 19103
```



RECEIVED
APR 1 2 2013
By_____

**LAYSER & FREIWALD, P.C.**
By:    Aaron J. Freiwald, Esquire
Attorney I.D. No. 78028
ajf@layserfreiwald.com
        Joseph Marano, Esquire
Attorney I.D. No. 88451
jm@layserfreiwald.com
1500 Walnut Street, 18th Floor
Philadelphia, PA 19102
(215) 875-8000
**LAW OFFICES OF HOFFMAN, DIMUZIO**
By:    Scott C. McKinley, Esquire
smckinley@hdhlaw.com
1739-1753 Delsea Drive
P.O. Box 285
Franklinville, NJ 08322
856- 694-0306
*Pro Hac Vice Application Pending*

Filed and Attested by
PROTHONOTARY
12 APR 2013 11:33 am
K. DALY

Attorneys for Plaintiffs

| | | |
|---|---|---|
| KYLE SPEARS; | : | |
| LAURIE SPEARS; | : | COURT OF COMMON PLEAS |
| JASON J. BILDERBACK; | : | PHILADELPHIA COUNTY |
| VINCENT VOLTAGGIO; | : | |
| JEAN ALLEVA; | : | |
| IRMA STEVENSON; | : | |
| WALTER STEVENSON; | : | NO. |
| LAURA ALLEVA; | : | |
| STEPHEN ASAY; | : | |
| ALTHEA R. BAGBY; | : | |
| ALYSSA R. BAGBY; | : | |
| PATRICK A. BAGBY; | : | **JURY TRIAL DEMANDED** |
| TRACEY BROOKS; | : | |
| GREGORY BYNUM; | : | |
| RATHA A. BYNUM; | : | |
| TANESHA H. BYNUM; | : | |
| CASSANDRA CLARK; | : | |
| MELVIN CLARK; | : | |
| DAVID K. CLEMENT; | : | |
| FAITH J. CLEMENT; | : | |
| IRIS CLEMENT; | : | |
| WADE CLEMENT; | : | |
| MARK COOPER; | : | |
| SHAMEKA CRITE; | : | |
| TURQUOISE DAVIS; | : | |
| ELEANOR DIGIOVACCHINO; | : | |



RECEIVED
APR 12 2013
CASE ID: 130401885
By_____

VITO DIGIOVACCHINO;                          :
RONALD E. DOUGLASS;                          :
LINDA DUNN;                                  :
LEVI EPPS;                                   :
SYLVIA N. EPPS;                              :
LOURDES FLETCHER;                            :
MONA M. FLICK;                               :
THOMAS GAINES, III;                          :
MELLISSA GAINES;                             :
KENYA GALLOWAY;                              :
BRIDGET GRAHAM:                              :
TILIKA GRIFFIN;                              :
ANN T. GROSS;                                :
DANIELLE GROSS;                              :
JEFFERY HAINES;                              :
BERTHA GALLOWAY-HAMPTON;                     :
KAYLA HAMPTON;                               :
KERMIT HARRIS;                               :
MARY HARRIS;                                 :
HAROLD JOHNSON, JR.;                         :
ELSIE M. JONES;                              :
GREGORY KERSHAW;                             :
JUNE MAIOCCO;                                :
LEONARD MAIOCCO;                             :
EDWARD F. MATLOCK, JR.;                      :
GRETCHEN MATLOCK;                            :
CARL J. MATTSON;                             :
KENNETH MATZ                                 :
LORA MATZ                                    :
YOHANCE A. MCDOUGALD;                        :
MARK MILHOUS, SR.;                           :
PATRICIA MILLER;                             :
RAYMOND R. MILLER;                           :
PRINCILLA JOAN MITCHELL;                     :
SOPHIA MITCHELL;                             :
STEPHEN MITCHELL;                            :
DARLENE L. MORINA;                           :
JOSEPH L. MORINA;                            :
SHAKIRA MYRICKS;                             :
MARIA S. ORTIZ;                              :
JENNA OUELLETTE;                             :
JOEL OUELLETTE;                              :
IRIS PADILLA;                                :
KARIS PADILLA;                               :
CARLOS PADILLA;                              :



Case ID: 130401885

DANNY R. PREBLE;                              :
MICHELE PREBLE;                              :
DAWN ROBERTS;                                :
DANIEL M. ROBINSON;                          :
ZAKEIRA ROBINSON;                            :
MARSHA ROTHMILLER;                           :
MILVINIA ST. JOHN;                           :
FREDERICK SUTER;                             :
JUDY SUTER;                                  :
JULIE A. SUTER;                              :
RONALD T. SWANSON;                           :
MALINDA TAYLOR;                              :
JOSE THORNTON;                               :
VERONICA A. THORNTON;                        :
MARGARET TRUSTY;                             :
ANTORIA VERNON;                              :
MAE VICTOR;                                  :
WALTER A. VICTOR, SR.;                       :
WILLIAM WILLIAMS;                            :
JAMES E. WOOD;                               :
LILLIE ANN WOOD;                             :
SAMUEL CLARK, a minor by and                 :
through his parent and natural guardian
Cassandra Clark;                             :
NATASHA CLEMENT, a minor by and              :
through her parent and natural guardian
Yetta Clement;                               :
SAEED CRITE, a minor by and                  :
through his parent and natural guardian
Antoria Vernon;                              :
AL-AHAID DURECOUT, a minor by and            :
through his parent and natural guardian
Shakira Myricks;                             :
JADEN GAINES, a minor by and                 :
through his parent and natural guardian
Mellissa Gaines;                             :
TAYLOR GAINES, a minor by and                :
through her parent and natural guardian
Mellissa Gaines;                             :
ASIA GALLOWAY, a minor by and                :
through her parent and natural guardian
NASIR GALLOWAY, a minor by and               :
through his parent and natural guardian
Kenya Galloway;                              :

NEVAEH GALLOWAY, a minor by and      :
through her parent and natural guardian
Kenya Galloway;                       :
ANAYSIA GRIFFIN, a minor by and       :
through her parent and natural guardian
Tilika Griffin;                       :
BENJAMIN GROSS, a minor by and        :
through his parent and natural guardian
Ann Gross;                            :
DESHAUN MYRICKS, a minor by and       :
through his parent and natural guardian
Shakira Myricks;                      :
AMAYA REED-CLARK, a minor by and      :
through her parent and natural guardian
Cassandra Clark;                      :
GABRIELLE M. REEVES, a minor by and   :
through her parent and natural guardian
Mona Flick;                           :
NATHAN ROBINSON, a minor by and       :
through his grandparent and guardian
Margaret Trusty;                      :
LAQWAN SIMS, a minor by and through   :
his parent and natural guardian
Tilika Griffin;                       :
ANGEL ST. JOHN, a minor by and        :
through her parent and natural guardian
Milvinia St. John;                    :
AMARI WRIGHT, a minor by and through  :
her parent and natural guardian
Malinda Taylor.                       :

                                      :
        Plaintiffs,                   :

                                      :
        v.                            :

                                      :
CONSOLIDATED RAIL                     :
CORPORATION a/k/a CONRAIL;            :
NORFOLK SOUTHERN RAILWAY
COMPANY a/k/a NORFOLK                 :
SOUTHERN CORPORATION;                 :
CSX CORPORATION;                      :
SEMINOLE GULF RAILWAY, L.P.           :
OXYVINYLS, LP                         :
EXXON MOBIL CORPORATION
UNION TANK CAR COMPANY                :

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 130401885

MUREX, N.A., LTD.                              :
GATX CORPORATION                        :
                                                           :
         Defendants.

## COMPLAINT

    This action is brought on behalf of more than 100 individuals - - men, women, children,

first responders, property owners - - who were exposed to vinyl chloride, a known human

carcinogen, in the immediate aftermath of a train derailment in Paulsboro, New Jersey on

November 30, 2012.  The derailment was entirely preventable and was the direct result of the

combined careless and reckless conduct of Defendants, as detailed fully in this Complaint.

I.    **Parties**

    1.    Plaintiff Kyle Spears was born on February 25, 180 and is an individual citizen

and resident of the State of New Jersey, residing therein at 25 Island Road, Upper Pittsgrove

Township, Salem County, New Jersey.

    2.    Mr. Spears is a East Greenwich police officer who traveled to Paulsboro in

response to a 911 call on the date of the incident and was exposed to vinyl chloride throughout

his duty.  Mr. Spears was stationed at Broad Street and North Commerce Street and was then

stationed at Broad Street ad Delaware Street later that day.

    3.    Plaintiff Laurie Spears was born on April 24, 1981 and is an individual citizen and

resident of the State of New Jersey, residing therein at 25 Island Road, Upper Pittsgrove

Township, Salem County, New Jersey.

    4.    Ms. Spears is the wife of Kyle Spears and has suffered a loss of consortium.



RECEIVED
Case ID: 130401885
APR 1 2 2013
By

5.     Plaintiff Jason Bilderback was born on December 25, 1970 and is an individual citizen and resident of the State of New Jersey, residing therein at 32 Oakton Drive, Township of Mantua, Gloucester County.

6.     Mr. Bilderback, a Gloucester County Sheriff's Department Officer, was exposed while working as an emergency responder in Paulsboro, New Jersey.  Mr. Bilderback was never advised by Conrail officials about the short or long term dangers from exposure to vinyl chloride while he worked, congregated and ate within the "Hot Zone" surrounding the crash site.

7.     Plaintiff Vincent Voltaggio was born on March 13, 1968 and is an individual citizen and resident of the State of New Jersey, residing therein at 905 Grayfox Circle, Township of Mantua, Gloucester County.

8.     Mr. Voltaggio is the Gloucester County Engineer.  He was exposed on site as a first responder and thereafter.  Mr. Voltaggio was never advised by Conrail staff about the short or long term dangers of vinyl chloride exposure and was allowed to work in and around the crash site "Hot Zone" without personal protective equipment.

9.     Plaintiff Jean Alleva was born on December 8, 1942 and is an individual citizen and resident of the State of New Jersey, residing therein at 544 Beacon Avenue in the Borough of Paulsboro, Gloucester County.

10.    Ms. Alleva was exposed on the date of the incident and continuing thereafter while in and about her home in Paulsboro, New Jersey.

11.    Plaintiff Irma Stevenson was born on November 12, 1939 and is an individual citizen and resident of the State of New Jersey, residing therein at 216 E. Jefferson Street, Borough of Paulsboro, Gloucester County.

2

12.    Ms. Stevenson was exposed on the date of the incident and continuing thereafter while in and about her home. Her home is within 200 feet of the crash site abutting the Mantua Creek. The crash was so close as to cause major structural damage to the bulkhead shoring her property from the creek. She also has and will incur damage to her real property due to the crash.

13.    Plaintiff Walter Stevenson was born on March 4, 1936 and is an individual citizen and resident of the State of New Jersey, residing therein at 216 E. Jefferson Street, Borough of Paulsboro, Gloucester County.

14.    Mr. Stevenson was exposed on the date of the incident and continuing thereafter while in and about his home. His home is within 200 feet of the crash site abutting the Mantua Creek. The crash was so close as to cause major structural damage to the bulkhead shoring his property from the creek. He also has and will incur damage to his real property due to the crash.

15.    Plaintiff Laura Alleva was born on November 25, 1960 and is an individual citizen and resident of the State of New Jersey, residing therein at 544 Beacon Avenue in the Borough of Paulsboro, Gloucester County.

16.    Ms. Alleva was exposed on the date of the incident and continuing thereafter while in and about her home in Paulsboro, New Jersey.

17.    Plaintiff Stephen Asay was born on July 29, 1986 and is an individual citizen and resident of the State of New Jersey, residing therein at 345 Billings Avenue in the Borough of Paulsboro, Gloucester County.

18.    Mr. Asay was exposed on the date of the incident and continuing thereafter while in and about his home.

3

19.     Plaintiff Althea R. Bagby was born on August 10, 1967 and is an individual citizen and resident of the State of New Jersey, residing therein at 26 Roosevelt Avenue in the Borough of Paulsboro, Gloucester County.

20.     Ms. Bagby was exposed while driving to work through the vinyl chloride "fog" on the date of incident, and was continually exposed thereafter while in and about her home in Paulsboro, New Jersey.

21.     Plaintiff Alyssa R. Bagby was born on March 24, 1993 and is an individual citizen and resident of the State of New Jersey, residing therein at 26 Roosevelt Avenue in the Borough of Paulsboro, Gloucester County.

22.     Ms. Bagby was exposed at home on the date of the incident, while driving through the vinyl chloride "fog" to work, and was thereafter exposed while in and about her home in Paulsboro, New Jersey.

23.     Plaintiff Patrick A. Bagby was born on April 16, 1965 and is an individual citizen and resident of the State of New Jersey, residing therein at 26 Roosevelt Avenue in the Borough of Paulsboro, Gloucester County.

24.     Mr. Bagby was exposed while his wife was driving him to work through the vinyl chloride "fog" on the date of incident, and continuing thereafter while in and about his home in Paulsboro, New Jersey.

25.     Plaintiff Tracey Brooks was born on March 22, 1967 and is an individual citizen and resident of the State of New Jersey, residing therein at 337 Thomson Avenue, Borough of Paulsboro, Gloucester County.

4

26. Ms. Brooks was exposed the morning of the incident at her home and then drove to work in the vinyl chloride "fog." She returned home that night and was exposed while in and about her home. Ms. Brooks also has and will incur damage to her real property due to the crash.

27. Plaintiff Gregory Bynum was born on September 15, 1960 and is an individual citizen and resident of the State of New Jersey, residing therein at 225 West Broad Street, Borough of Paulsboro, Gloucester County.

28. Mr. Bynum was exposed on the date of the incident and continuing thereafter while in and about his home. Mr. Bynum also has and will incur damage to his real property due to the crash.

29. Plaintiff Ratha A. Bynum was born on September 5, 1966 and  is an individual citizen and resident of the State of New Jersey, residing therein at 225 West Broad Street, Borough of Paulsboro, Gloucester County.

30. Ms. Bynum was exposed on the date of the incident and continuing thereafter while in and about her home. Ms. Bynum also has and will incur damage to her real property due to the crash.

31. Plaintiff Tanesha J. Bynum, was born on February 9, 1995 and is an individual citizen and resident of the State of New Jersey, residing therein at 225 West Broad Street, Borough of Paulsboro, Gloucester County.

32. Ms. Bynum was exposed on the date of the incident and continuing thereafter while in and about her home.

5

Case ID: 130401885

33.    Plaintiff Cassandra Clark was born on November 25, 1968 and brings this lawsuit as an individual and in her own right, and as parent and natural guardian of her minor children, Samuel Clark and Amaya Reed-Clark.  She is a citizen and resident of the State of New Jersey, residing therein at 1211 Walter Avenue, Borough of Paulsboro, Gloucester County.

34.    Ms. Clark was exposed on the date of the incident and continuing thereafter while in and about her home.

35.    Plaintiff Melvin Clark was born on July 16, 1945 and is an individual citizen and resident of the State of New Jersey, residing therein at 1211 Walter Avenue, Borough of Paulsboro, Gloucester County.

36.    Mr. Clark was exposed on the date of the incident when he walked through the vinyl chloride "fog" along with his granddaughter, Plaintiff Amaya Reed-Clark, to take her to the Loudenslager School.  When they arrived at the school to find it closed, they had to walk back home through the expanding toxic cloud to return to their home.  Mr. Clark was exposed thereafter while in and about his home.

37.    Plaintiff David K. Clement was born on January 25, 1987 and  is an individual citizen and resident of the State of New Jersey, residing therein at 20 W. Jefferson Street, Borough of Paulsboro, Gloucester County.

38.    Mr. Clement was exposed on the date of the incident and continuing thereafter while in and about his home.

39.    Plaintiff Faith J. Clement was born on December 22, 1960 and is an individual citizen and resident of the State of New Jersey, residing therein at 20 W. Jefferson Street, Borough of Paulsboro, Gloucester County.

6

40.     Ms. Clement drove her husband Plaintiff William Williams to work in the vinyl chloride "fog" on the day of the incident. Later that morning, she drove again in the fog (continuing her exposure) to pick him back up because she was worried about the encroaching toxic cloud and the heightening police activity near her home. Ms. Clement was exposed thereafter while in and about her home.

41.     Plaintiff Iris Clement was born on July 1, 1964 and is an individual citizen and resident of the State of New Jersey, residing therein at 24 W. Jefferson Street, Borough of Paulsboro, Gloucester County.

42.     Ms. Clement was exposed on the date of the incident and continuing thereafter while in and about her home. Ms. Clement also has and will incur damage to her real property due to the crash.

43.     Plaintiff Wade Clement was born on May 18, 1963 and is an individual citizen and resident of the State of New Jersey, residing therein at 24 W. Jefferson Street, Borough of Paulsboro, Gloucester County.

44.     Mr. Clement was exposed on the date of incident and continuing thereafter while in and about his home. Mr. Clement also has and will incur damage to his real property due to the crash.

45.     Plaintiff Mark Cooper was born on December 16, 1962 and is an individual citizen and resident of the State of New Jersey, residing therein at 150 Swedesboro Avenue, Borough of Gibbstown, Gloucester County.

Case ID: 130401885

46.     Mr. Cooper was exposed in his duties as a first responder as a Gloucester County Sheriff's Officer and while providing aid and services to the residents of Paulsboro over the course of several days.

47.     Plaintiff Shameka Crite was born on April 16, 1989 and is an individual citizen and resident of the State of New Jersey, residing therein at 225 W. Broad Street, Borough of Paulsboro, Gloucester County.

48.     Ms. Crite was exposed on the date of the incident and continuing thereafter while in and about her home.

49.     Plaintiff Turquoise Davis was born on May 30, 1989 and is an individual citizen and resident of the State of New Jersey, residing therein at 225 W. Broad Street, Borough of Paulsboro, Gloucester County.

50.     Ms. Davis was exposed on the date of the incident and continuing thereafter while in and about her home.

51.     Plaintiff Eleanor DiGiovacchino was born on July 29, 1955 and is an individual citizen and resident of the State of New Jersey, residing therein at 28 Riverview Avenue, Borough of Paulsboro, Gloucester County.

52.     Ms. DiGiovacchino was exposed at home on the date of the incident and while she drove to work through the middle of Paulsboro. Ms. DiGiovacchino also has and will incur damage to her real property due to the crash.

53.     Plaintiff Vito DiGiovacchino was born on April 23, 1950 and is an individual citizen and resident of the State of New Jersey, residing therein at 28 Riverview Avenue, Borough of Paulsboro, Gloucester County.

8

54. Mr. DiGiovacchino has and will incur damage to his real property due to the crash.

55. Plaintiff Ronald E. Douglass was born on September 19, 1975 and is an individual citizen and resident of the State of New Jersey, residing therein at 1762 Crown Point Road, Unit 623, Thorofare, Gloucester County.

56. Mr. Douglas was exposed while working outside at Ace Pallets, located in the immediate vicinity of the crash site. At the time of the crash, he was driving a forklift in the Ace Pallets yard, working with Plaintiff Gregory Kershaw. When both men heard the crash and saw the vinyl chloride "fog" roll into the yard, they drove toward shelter but could not escape the rolling toxic gas cloud.

57. Plaintiff Linda Dunn was born on May 4, 1954 and is an individual citizen and resident of the State of New Jersey, residing therein at 601 Lark Street, Borough of Paulsboro, Gloucester County.

58. Ms. Dunn was exposed on the date of the incident and continuing thereafter while in and about her home. Ms. Dunn also has and will incur damage to her real property due to the crash.

59. Plaintiff Levi Epps was born on March 14, 1956 and is an individual citizen and resident of the State of New Jersey, residing therein at 51 Roosevelt Avenue, Borough of Paulsboro, Gloucester County.

60. Mr. Epps was exposed on the date of the incident while walking from the local convenience store to his home and continuing thereafter while in and about his home.

61. Plaintiff Sylvia N. Epps was born on October 28, 1959 and is an individual citizen and resident of the State of New Jersey, residing therein at 51 Roosevelt Avenue, Borough of Paulsboro, Gloucester County.

9

62.     Ms. Epps was exposed on the date of the incident and continuing thereafter while in and about her home.

63.     Plaintiff Lourdes Fletcher was born on October 31, 1951 and is an individual citizen and resident of the State of New Jersey, residing therein at 424 Summit Avenue, Borough of Paulsboro, Gloucester County.

64.     Ms. Fletcher was exposed while at home on the date of the incident and while driving through Paulsboro during her evacuation. Ms. Fletcher also has and will incur damage to her real property due to the incident.

65.     Plaintiff Mona M. Flick was born on August 28, 1973 and brings this lawsuit as an individual and her own right, and as parent and natural guardian of her minor child, Gabrielle M. Reeves. She is a citizen and resident of the State of New Jersey, residing therein at 544 Beacon Avenue, Borough of Paulsboro, Gloucester County.

66.     Ms. Flick was exposed on the date of the incident and continuing thereafter while in and about her home.

67.     Plaintiff Thomas Gaines, III was born on September 12, 1966 and is an individual citizen and resident of the State of New Jersey, residing therein at 1227 Heddon Avenue, Borough of Paulsboro, Gloucester County.

68.     Mr. Gaines was exposed while in and about his home. Mr. Gaines also has and will incur damage to his real property due to the crash.

69.     Plaintiff Mellissa Gaines was born on May 23, 1976 and is an individual citizen and resident of the State of New Jersey, residing therein at 1227 Heddon Avenue, Borough of Paulsboro, Gloucester County.

10

70.    Ms. Gaines was exposed along with her son, Jaden, and daughter, Taylor, while driving Jaden to school at the Billingsport Elementary School the morning of the crash. They saw the toxic gas fog and drove through it to the school. They were continually exposed at the school and upon their return home, once the school was shut down due to the crash. Ms. Gaines also has and will incur damage to her real property due to the crash.

71.    Plaintiff Kenya Galloway was born on October 23, 1974 and brings this lawsuit as an individual and in her own right, and as parent and natural guardian of her minor children, Asia Galloway, Nasir Galloway and Nevaeh Galloway. She is a citizen and resident of the State of New Jersey, residing therein at 31 W. Monroe Street, Borough of Paulsboro, Gloucester County.

72.    Ms. Galloway was exposed on the date of the incident when she drove through the chemical fog on her way home from work and continuing thereafter while in and about her home.

73.    Plaintiff Bridget Graham was born on September 6, 1960 and is an individual citizen and resident of the State of New Jersey, residing therein at 257 Washington Street, Borough of Paulsboro, Gloucester County.

74.    Ms. Graham was exposed on the date of the incident and continuing thereafter while in and about her home. Ms. Graham also has and will incur damage to her real property due to the crash.

75.    Plaintiff Tilika Griffin was born on August 21, 1980 and brings this lawsuit as an individual and in her own right, and as parent and natural guardian of her minor children, Anaysia Griffin and Laqwan Sims. She is a citizen and resident of the State of New Jersey, residing at 112 E. Madison Avenue, Paulsboro, Gloucester County.

Case ID: 130401885

76.     Ms. Griffin was exposed when she drove through the toxic gas "fog" while taking her children, Plaintiffs Anaysia Griffin and Laqwan Sims to school.  She was exposed thereafter while in and about her home.

77.     Plaintiff Ann T. Gross was born on June 29, 1965 and brings this lawsuit as an individual and in her own right, and as parent and natural guardian of her minor child, Benjamin Gross.  She is a citizen and resident of the State of New Jersey, residing therein at 544 Beacon Avenue, Borough of Paulsboro, Gloucester County.

78.     Ms. Gross was exposed on the date of the incident and continuing thereafter while in and about her home.

79.     Plaintiff Jeffrey Haines was born on November 30, 1992 and is an individual citizen and resident of the State of New Jersey, residing therein at 22 Laurel Street, Borough of Woodbury, Gloucester County.

80.     Mr. Haines was exposed on the date of the incident and continuing thereafter while in and about his home.

81.     Plaintiff Bertha -Galloway Hampton was born on April 4, 1953 and is an individual citizen and resident of the State of New Jersey, residing therein at 31 W. Monroe Street, Borough of Paulsboro, Gloucester County.

82.     Ms. Galloway- Hampton was exposed while driving to work and school with Plaintiffs Nevaeh Galloway and Nasir Galloway.  Ms. Galloway- Hampton was exposed thereafter while in and about her home.  She also has and will incur damage to her real property due to the crash.

12

Case ID: 130401885

83.     Plaintiff Kayla Hampton was born on April 10, 1992 and is an individual citizen and resident of the State of New Jersey, residing therein at 31 W. Monroe Street, Borough of Paulsboro, Gloucester County.

84.     Ms. Hampton was exposed on the date of the incident and continuing thereafter while in and about her home.

85.     Plaintiff Kermit Harris was born on October 20, 1943 and is an individual citizen and resident of the State of New Jersey, residing therein at 265 Vanneman Boulevard, Borough of Paulsboro, Gloucester County.

86.     Mr. Harris was exposed on the date of the incident and continuing thereafter while in and about his home.  Mr. Harris also has and will incur damage to his real property due to the crash.

87.     Plaintiff Mary Harris was born on May 7, 1942 and is an individual citizen and resident of the State of New Jersey, residing therein at 265 Vanneman Boulevard, Borough of Paulsboro, Gloucester County.

88.     Ms. Harris was exposed on the date of the incident and continuing thereafter while in and about her home.  Ms. Harris also has and will incur damage to her real property due to the crash.

89.     Plaintiff Harold Johnson, Jr. was born on June 17, 1963 and is an individual citizen and resident of the State of New Jersey, residing therein at 1211 Walter Avenue, Borough of Paulsboro, Gloucester County.

Case ID: 130401885

90.   Mr. Johnson was exposed on the date of the incident and continuing thereafter while in and about his home.  Mr. Johnson also has and will incur damage to his real property due to the crash.

91.   Plaintiff Elsie M. Jones was born on February 21, 1937 and is an individual citizen and resident of the State of New Jersey, residing therein at 51 Roosevelt Avenue, Borough of Paulsboro, Gloucester County.

92.   Ms. Jones was exposed on the date of the incident and continuing thereafter while in and about her home.

93.   Plaintiff Gregory Kershaw was born on July 30, 1974 and is an individual citizen and resident of the State of New Jersey, residing therein at 905 Acadia Drive, Turnersville, Gloucester County.

94.   Mr. Kershaw was exposed while working outside at Ace Pallets, located in the immediate vicinity of the crash site.  At the time of the crash, he was working in the Ace Pallets yard, working with Plaintiff Ronald Douglas.  When both men heard the crash and saw the toxic gas fog roll into the yard, they drove toward shelter in a forklift but could not escape the rolling chemical cloud.

95.   Plaintiff June Maiocco was born on February 22, 1980 and is an individual citizen and resident of the State of New Jersey, residing therein at 220 Nassau Avenue, Borough of Paulsboro, Gloucester County.

14

Case ID: 130401885

96.     Ms. Maiocco was exposed while driving in the vinyl chloride "fog" on the day of the incident, which she immediately reported to 911 as a chemical fog. Ms. Maiocco was exposed thereafter while in and about her home. She also has and will incur damage to her real property due to the crash.

97.     Plaintiff Leonard Maiocco was born on March 15, 1978 and is an individual citizen and resident of the State of New Jersey, residing therein at 220 Nassau Avenue, Borough of Paulsboro, Gloucester County.

98.     Mr. Maiocco was exposed thereafter while in and about his home. Mr. Maiocco also has and will incur damage to his real property due to the crash.

99.     Plaintiff Edward F. Matlock, Jr. was born on March 17, 1953 and is an individual citizen and resident of the State of New Jersey, residing therein at 569 Beacon Avenue, Borough of Paulsboro, Gloucester County.

100.     Mr. Matlock was exposed on the date of the incident and continuing thereafter while in and about his home. Mr. Matlock also has and will incur damage to his real property due to the crash.

101.     Plaintiff Gretchen Matlock was born on September 8, 1960 and is an individual citizen and resident of the State of New Jersey, residing therein at 569 Beacon Avenue, Borough of Paulsboro, Gloucester County.

102.     Ms. Matlock was exposed on the date of the incident and continuing thereafter while in and about her home. Ms. Matlock also has and will incur damage to her real property due to the crash.

Case ID: 130401885

103.    Plaintiff Kenneth Matz was born on November 29, 1970 and is an individual citizen and resident of the State of New Jersey, residing therein at 55 Borrelly Boulevard, Sewell, Gloucester County.

104.    Mr. Matz was exposed on the date of incident while working at the NuStar Facility located at 7 W. Delaware Street, Paulsboro, New Jersey.

105.    Plaintiff Lora Matz was born on September 25, 1970 and is an individual citizen and resident of the State of New Jersey, residing therein at 55 Borrelly Boulevard, Sewell, Gloucester County.

106.    Ms. Matz is the wife of Kenneth Matz and has suffered a loss of consortium.

107.    Plaintiff Yohance A. McDougald was born on May 29, 1978 and is an individual citizen and resident of the State of New Jersey, residing therein at 70 Chelsea Avenue, City of Newark, Essex County.

108.    Mr. McDougald was exposed on the date of incident while traveling from his workplace in Swedesboro to Plaintiff Shakira Myricks' house in Paulsboro.  He was continually exposed while driving through Paulsboro on that day when taking Plaintiff Al-Ahid Durecout to school.  Mr. McDougald is the father of Shakira Myricks' unborn child.  He was further exposed while assisting in the evacuation of Plaintiff Shakira Myricks and their children.

109.    Plaintiff Mark Milhous, Sr. was born on December 29, 1959 and is an individual citizen and resident of the State of New Jersey, residing therein at 301 E. Olive Street, Borough of Westville, Gloucester County.

110.    Mr. Milhous was exposed on the date of the incident and continuing thereafter while Living temporarily at 586-B North Delaware Street, Paulsboro, New Jersey.

16

Case ID: 130401885

111.    Plaintiff Patricia Miller was born on June 6, 1946 and is an individual citizen and resident of the State of New Jersey, residing therein at 31 Riverview Avenue, Borough of Paulsboro, Gloucester County.

112.    Ms. Miller was exposed on the date of the incident and continuing thereafter while in and about her home.  Ms. Miller also has and will incur damage to her real property due to the crash.

113.    Plaintiff Raymond R. Miller was born on October 24, 1945 and  is an individual citizen and resident of the State of New Jersey, residing therein at 31 Riverview Avenue, Borough of Paulsboro, Gloucester County.

114.    Mr. Miller was exposed on the date of the incident and continuing thereafter while in and about his home.  Mr. Miller also has and will incur damage to his real property due to the crash.

115.    Plaintiff Princilla Joan Mitchell was born on January 2, 1967 and  is an individual citizen and resident of the State of New Jersey, residing therein at 333 Thomson Avenue, Borough of Paulsboro, Gloucester County.

116.    Ms. Mitchell was exposed on the date of the incident and continuing thereafter while in and about her home.  Ms. Mitchell also has and will incur damage to her real property due to the crash.

117.    Plaintiff Sophia Mitchell was born on April 23, 1994 and is an individual citizen and resident of the State of New Jersey, residing therein at 333 Thomson Avenue, Borough of Paulsboro, Gloucester County.

Case ID: 130401885

118.   Ms. Mitchell was exposed on the date of the incident and continuing thereafter while in and about her home.

119.   Plaintiff Stephen Mitchell was born on August 3, 1958 and is an individual citizen and resident of the State of New Jersey, residing therein at 333 Thomson Avenue, Borough of Paulsboro, Gloucester County.

120.   Mr. Mitchell was exposed on the date of the incident and continuing thereafter while in and about his home.  Mr. Mitchell also has and will incur damage to his real property due to the crash.

121.   Plaintiff Darlene L. Morina was born on May 30, 1946 and is an individual citizen and resident of the State of New Jersey, residing therein at 25 Riverview Avenue, Borough of Paulsboro, Gloucester County.

122.   Ms. Morina was exposed on the date of the incident and continuing thereafter while in and about her home.  Ms. Morina also has and will incur damage to her real property due to the crash.

123.   Plaintiff Joseph L. Morina was born on April 24, 1938 and is an individual citizen and resident of the State of New Jersey, residing therein at 25 Riverview Avenue, Borough of Paulsboro, Gloucester County.

124.   Mr. Morina was exposed on the date of the incident and continuing thereafter while in and about his home.  Mr. Morina also has and will incur damage to his real property due to the crash.

Case ID: 130401885

125.   Plaintiff Shakira Myricks was born on October 8, 1981 and brings this lawsuit as an individual citizen and in her own right, and as parent and natural guardian of her minor children, Al-Ahaid Durecout and Deshaun Myricks.  She is a citizen and resident of the State of New Jersey, residing therein at 1315 Pine Street, Borough of Paulsboro, Gloucester County.

126.   Ms. Myricks was exposed while at home on the date of the incident.  Ms. Myricks was also pregnant on the date of the incident.

127.   Plaintiff Maria S. Ortiz was born on May 24, 1961 and is an individual citizen and resident of the State of New Jersey, residing therein at 13-B Baird Avenue, Borough of Paulsboro, Gloucester County.

128.   Ms. Ortiz was working in Philadelphia on the date of the incident and was exposed when she returned home and continuing thereafter while in and about her home.  Ms. Ortiz also has and will incur damage to her real property due to the crash.

129.   Plaintiff Jenna Ouellette was born on February 4, 1985 and is an individual citizen and resident of the State of New Jersey, residing therein at 630 Billings Avenue, Borough of Paulsboro, Gloucester County.

130.   Ms. Ouellette was exposed while working at Billingsport Elementary School on the date of the incident and while she drove home through Paulsboro that same day.  She also has and will incur damage to her real property due to the incident.

131.   Plaintiff Joel Ouellette was born on July 14, 1983 and is an individual citizen and resident of the State of New Jersey, residing therein at 630 Billings Avenue, Borough of Paulsboro, Gloucester County.

19

132.     Mr. Ouellette was exposed while at home on the date of the incident. Mr. Ouellette also has and will incur damage to his real property due to the incident.

133.     Plaintiff Iris Padilla was born on March 6, 1956 and is an individual citizen and resident of the State of New Jersey, residing therein at 1525 S. Delaware Street, Borough of Paulsboro, Gloucester County.

134.     Ms. Padilla was exposed on the date of the incident when she returned home from work and continuing thereafter while in and about her home.  Ms. Padilla also has and will incur damage to her real property due to the crash.

135.     Plaintiff Karis Padilla was born on May 28, 1986 and is an individual citizen and resident of the State of New Jersey, residing therein at 1525 S. Delaware Street, Borough of Paulsboro, Gloucester County.

136.     Ms. Padilla was exposed on the date of the incident when she returned home from work, and continuing thereafter while in and about her home.

137.     Plaintiff Carlos Padilla was born on September 23, 1955 and is an individual citizen and resident of the State of New Jersey, residing therein at 1525 S. Delaware Street, Borough of Paulsboro, Gloucester County.

138.     Mr. Padilla was exposed on the date of the incident when he returned home from work and continuing thereafter while in and about his home.  Mr. Padilla also has and will incur damage to his real property due to the crash.

139.     Plaintiff Danny R. Preble was born on December 21, 1961 and is an individual citizen and resident of the State of New Jersey, residing therein at 345 Billings Avenue, Borough of Paulsboro, Gloucester County.

20

140.   Mr. Preble was exposed on the date of the incident when he returned home from work and continuing thereafter while in and about his home. Mr. Preble also has and will incur damage to his real property due to the crash.

141.   Plaintiff Michele Preble was born on September 21, 1966 and is an individual citizen and resident of the State of New Jersey, residing therein at 345 Billings Avenue, Borough of Paulsboro, Gloucester County.

142.   Ms. Preble was exposed while walking her dogs outside through a rapidly forming "fog" of vinyl chloride. Ms. Preble was additionally exposed thereafter while in and about her home. She also has and will incur damage to her real property due to the crash.

143.   Plaintiff Dawn M. Roberts was born on December 14, 1970 and is an individual citizen and resident of the State of New Jersey, residing therein at 312 Blue Jay Street, Borough of Paulsboro, Gloucester County.

144.   Ms. Roberts was exposed at home on the date of the incident and continuing thereafter while in and about her home.

145.   Plaintiff Daniel Robinson was born on August 29, 1959 and is an individual citizen and resident of the State of New York, residing therein at 484 W. 43rd Street, #17-0, New York.

146.   Mr. Robinson was exposed during the weekend of the train crash while visiting his sister at the home he owns in Paulsboro. Mr. Robinson also has and will incur damage to his real property due to the crash.

147.   Plaintiff Zakeira Robinson was born on January 11, 1992 and is an individual citizen and resident of the State of New Jersey, residing therein at 408 Broadway, Apt. B-5, Borough of Westville, Gloucester County.

21

Case ID: 130401885

148.    Ms. Robinson was exposed on the date of the incident and continuing thereafter while in and about his home.

149.    Plaintiff Marsha Rothmiller was born on May 24, 1961 and is an individual citizen and resident of the State of New Jersey, residing therein at 149 S. Academy Street, Borough of Glassboro, Gloucester County.

150.    Ms. Rothmiller was exposed on the date of the incident and continuing thereafter while in and about her son's home in Paulsboro, New Jersey.

151.    Plaintiff Milvinia St. John was born on December 30, 1962 and brings this lawsuit as an individual and in her own right, and as parent and natural guardian of her minor child, Angel St. John. She is a citizen and resident of the State of New Jersey, residing therein at 118 W. Adams Street, Borough of Paulsboro, Gloucester County.

152.    Ms. St. John was exposed on the date of the incident and continuing thereafter while in and about her home.

153.    Plaintiff Frederick Suter was born on September 12, 1963 and is an individual citizen and resident of the State of New Jersey, residing therein at 120 Benners Avenue, Borough of Paulsboro, Gloucester County.

154.    Mr. Suter was exposed on the date of the incident and continuing thereafter while in and about his home. Mr. Suter also has and will incur damage to his real property due to the crash.

155.    Plaintiff Judy Suter was born on September 20, 1964 and is an individual citizen and resident of the State of New Jersey, residing therein at 120 Benners Avenue, Borough of Paulsboro, Gloucester County.

Case ID: 130401885

156.   Ms. Suter was exposed on the date of the incident and continuing thereafter while in and about her home. Ms. Suter also has and will incur damage to her real property due to the crash.

157.   Plaintiff Julie A. Suter was born on March 10, 1955 and is an individual citizen and resident of the State of New Jersey, residing therein at 506 Crane Street, Borough of Paulsboro, Gloucester County.

158.   Ms. Suter was exposed on the date of the incident and continuing thereafter while in and about her home. Ms. Suter also has and will incur damage to her real property due to the crash.

159.   Plaintiff Ronald T. Swanson was born on September 6, 1965 and is an individual citizen and resident of the State of New Jersey, residing therein at 300 Nassau Avenue, Borough of Paulsboro, Gloucester County.

160.   Mr. Swanson was exposed upon returning home from work on the date of the incident. He was additionally exposed while working within Paulsboro during the days following the crash. Mr. Swanson was exposed thereafter while in and about his home. He also has and will incur damage to his real property due to the crash.

161.   Plaintiff Malinda Taylor was born on May 8, 1986 and brings this lawsuit as an individual and in her own right, and as parent and natural guardian of her minor child, Amari Wright. She is a citizen and resident of the State of New Jersey, residing therein at 54 Roosevelt Avenue, Borough of Paulsboro, Gloucester County.

Case ID: 130401885

162.   Ms. Taylor was exposed while walking her son Plaintiff Amari Wright to Billingsport Elementary School and back home through a "fog" after finding out about the crash and the school's closure due to the crash.  Ms. Taylor was exposed thereafter while in and about her home.

163.   Plaintiff Jose Thornton was born on June 2, 1956 and is an individual citizen and resident of the State of New Jersey, residing therein at 257 Washington Street, Borough of Paulsboro, Gloucester County.

164.   Mr. Thornton was exposed on the date of the incident and continuing thereafter while in and about his home.  Mr. Thornton also has and will incur damage to his real property due to the crash.

165.   Plaintiff Veronica A. Thornton was born on February 11, 1991 and is an individual citizen and resident of the State of New Jersey, residing therein at 257 Washington Street, Borough of Paulsboro, Gloucester County.

166.   Ms. Thornton was exposed on the date of the incident and continuing thereafter while in and about her home.

167.   Plaintiff Margaret Trusty was born on September 6, 1942 and brings this lawsuit as an individual and in her own right, and as grandparent and guardian of her minor child, Nathan Robinson.  She is a citizen and resident of the State of New Jersey, residing therein at 14 Roosevelt Avenue, Borough of Paulsboro, Gloucester County.

168.   Ms. Trusty was exposed on the date of the incident and continuing thereafter while in and about her home.  Ms. Trusty also has and will incur damage to her real property due to the crash.

24

169. Plaintiff Antoria Vernon was born on June 2, 1989 and brings this lawsuit as an individual and in her own right, and as parent and natural guardian of her minor child, Saeed Crite. She is a citizen and resident of the State of New Jersey, residing therein at 458 Pine Brook Drive, Borough of Mantua, Gloucester County.

170. Ms. Vernon was exposed on the date of the incident and continuing thereafter while in and about her home.

171. Plaintiff Mae Victor was born on July 9, 1949 and is an individual citizen and resident of the State of New Jersey, residing therein at 1671 Swedesboro Avenue, Borough of Paulsboro, Gloucester County.

172. Ms. Victor was exposed on the date of the incident and continuing thereafter while in and about her home. Ms. Victor also has and will incur damage to her real property due to the crash.

173. Plaintiff Walter A. Victor, Sr. was born on March 11, 1943 and is an individual citizen and resident of the State of New Jersey, residing therein at 1671 Swedesboro Avenue, Borough of Paulsboro, Gloucester County.

174. Mr. Victor was exposed on the date of the incident and continuing thereafter while in and about his home. Mr. Victor also has and will incur damage to his real property due to the crash.

175. Plaintiff William Williams was born on September 2, 1940 and is an individual citizen and resident of the State of New Jersey, residing therein at 20 W. Jefferson Street, Borough of Paulsboro, Gloucester County.

Case ID: 130401885

176.    Mr. Williams was driven by his wife, Faith Clement, to work in the vinyl chloride "fog" on the day of the incident.  Later that morning he was picked up and drove again in the fog (continuing his exposure).  Mr. Williams was exposed thereafter while in and about his home.

177.    Plaintiff James E. Wood was born on February 24, 1938 and is an individual citizen and resident of the State of New Jersey, residing therein at 412 Summit Avenue, Borough of Paulsboro, Gloucester County.

178.    Mr. Wood was exposed on the date of the incident and continuing thereafter while in and about his home.  Mr. Wood also has and will incur damage to his real property due to the crash.

179.    Plaintiff Lillie Ann Wood was born on November 20, 1942 and is an individual citizen and resident of the State of New Jersey, residing therein at 412 Summit Avenue, Borough of Paulsboro, Gloucester County.

180.    Ms. Wood was exposed on the date of the incident and continuing thereafter while in and about her home.  Ms. Wood also has and will incur damage to her real property due to the crash.

181.    Plaintiff Samuel Clark, a minor by and through his parent and natural guardian Cassandra Clark, was born on September 15, 2005 and is an individual citizen and resident of the State of New Jersey, residing therein at 1211 Walter Avenue, Borough of Paulsboro, Gloucester County.

Case ID: 130401885

182.   Samuel Clark was exposed on the date of the incident, while standing outside his home where he waited for his mother, Cassandra Clark, to drive him to school.  While in the car, he began to feel ill and his mother returned home.  Samuel Clark was exposed thereafter while in and about his home.

183.   Plaintiff Natasha Clement, a minor by and through her parent and natural guardian Yetta Clement, was born on July 14, 1995 and is an individual citizen and resident of the State of New Jersey, residing therein at 1705 Arons Circle, Sewell, Gloucester County.

184.   Natasha Clement was exposed on the date of the incident and continuing thereafter while staying with the Bagbys and while in and about their home.

185.   Plaintiff Saeed Crite, a minor by and through his parent and natural guardian AntoriaVernon, was born on December 18, 2008 and is an individual citizen and resident of the State of New Jersey, residing therein at 458 Pine Brook Drive, Township of Mantua, Gloucester County.

186.   Saeed Crite was exposed outside while waiting for the school bus to take him to Billingsport Elementary School along with Plaintiff Gregory Bynum.  He was exposed continuing thereafter while in and about his home.

187.   Plaintiff Al-Ahaid Durecout, a minor by and through his parent and natural guardian Shakira Myricks, was born on September 30, 2004 and is an individual citizen and resident of the State of  New Jersey, residing therein at 1315 Pine Street, Borough of Paulsboro, Gloucester County.

188.   Al-Ahaid Durecout was exposed while at home on the date of the incident.

27

189.   Plaintiff Jaden Gaines, a minor by and through his parent and natural guardian Mellissa Gaines, was born on May 16, 2007 and is an individual citizen and resident of the State of New Jersey, residing therein at 1227 Heddon Avenue, Borough of Paulsboro, Gloucester County.

190.   Jaden Gaines was exposed along with his mother, Mellissa and sister, Taylor, while driving to school at the Billingsport Elementary School the morning of the crash. They saw the toxic gas fog and drove through it to the school. They were continually exposed at the school and upon their return home, once the school was shut down due to the crash.

191.   Plaintiff Taylor Gaines, a minor by and through her parent and natural guardian Mellissa Gaines, was born on June 8, 2009 and is an individual citizen and resident of the State of New Jersey, residing therein at 1227 Heddon Avenue, Borough of Paulsboro, Gloucester County.

192.   Taylor Gaines was exposed along with her mother, Mellissa and brother, Jaden, while driving Jaden to school at the Billingsport Elementary School the morning of the crash. They saw the toxic gas fog and drove through it to the school. They were continually exposed at the school and upon their return home, once the school was shut down due to the crash. Ms. Gaines also has and will incur damage to her real property due to the crash.

193.   Plaintiff Asia Galloway, a minor by and through her parent and natural guardian Kenya Galloway, was born on July 11, 1995 and is an individual citizen and resident of the State of New Jersey, residing therein at 31 W. Monroe Street, Borough of Paulsboro, Gloucester County.

Case ID: 130401885

194.    Asia Galloway was exposed when she walked to and from bus stop to get to school on the day the incident occurred and continuing thereafter while in and about her home.

195.    Plaintiff Nasir Galloway, a minor by and through his parent and natural guardian Kenya Galloway, was born on July 28, 2002 and is an individual citizen and resident of the State of New Jersey, residing therein at 31 W. Monroe Street,  Borough of Paulsboro, Gloucester County.

196.    Nasir Galloway was exposed while driving with Plaintiffs Bertha -Galloway Hampton and Nevaeh Galloway.  He was exposed thereafter while in and about his home.

197.    Plaintiff Nevaeh Galloway, a minor by and through her parent and natural guardian Kenya Galloway, was born on July 10, 2011 and is an individual citizen and resident of the State of New Jersey, residing therein at 31 W. Monroe Street, Borough of Paulsboro, Gloucester County.

198.    Nevaeh Galloway was exposed while driving with Plaintiffs Bertha Galloway-Hampton and  Nasir Galloway.  She was exposed thereafter while in and about her home.

199.    Plaintiff Benjamin Gross, a minor by and through his parent and natural guardian Ann Gross, was born on May 23, 2001 and is an individual citizen and resident of the State of New Jersey, residing therein at 544 Beacon Avenue, Borough of Paulsboro, Gloucester County.

200.    Benjamin Gross was exposed on the date of the incident while his mother, Ann Gross, was driving him to the Guardian Angels School and continuing thereafter while in and about his home.

29

Case ID: 130401885

201.    Plaintiff Amaya Reed-Clark, a minor by and through her parent and natural guardian Cassandra Clark, was born on December 18, 2000 and is an individual citizen and resident of the State of New Jersey, residing therein at 1211 Walter Avenue, Borough of Paulsboro, Gloucester County.

202.    Amaya Reed-Clark was exposed on the date of the incident when she walked through the fog along with her grandfather, Plaintiff Melvin Clark, to take her to the Loudenslager School.  When they arrived at the school to find it closed, they walked back through the expanding toxic cloud to return to their home.  She was exposed thereafter while in and about her home.

203.    Plaintiff Gabrielle M. Reeves, a minor by and through her parent and natural guardian Mona Flick, was born on September 14, 2001 and is an individual citizen and resident of the State of New Jersey, residing therein at 544 Beacon Avenue, Borough of Paulsboro, Gloucester County.

204.    Gabrielle Reeves was exposed on the date of the incident and continuing thereafter while in and about her home.

205.    Plaintiff Nathan Robinson, a minor by and through his grandparent and guardian Margaret Trusty, was born on April 21, 1995 and is an individual citizen and resident of the State of New Jersey, residing therein at 14 Roosevelt Avenue, Borough of Paulsboro, Gloucester County.

206.    Nathan Robinson was exposed on the date of the incident when he walked to school, found it closed and then walked home again.  Thereafter, he was exposed while in and about his home.

30

207.   Plaintiff Laqwan Sims, a minor by and through his parent and natural guardian Tilika Griffin, was born on January 9, 2001 and is an individual citizen and resident of the State of New Jersey, residing therein at 112 E. Madison Avenue, Borough of Paulsboro, Gloucester County.

208.   Laqwan Sims was exposed when he mother drove through the vinyl chloride "fog" while going to school with his mother, Plaintiff Tilika Griffin, and sister, Plaintiff Anaysia Griffin. Mr. Sims was exposed thereafter while in and about his home.

209.   Plaintiff Angel St. John, a minor by and through her parent and natural guardian Milvinia St. John, was born on January 23, 1997 and is an individual citizen and resident of the State of New Jersey, residing therein at 118 W. Adams Street, Borough of Paulsboro, Gloucester County.

210.   Angel St. John was exposed on the date of the incident walking to and from school and continuing thereafter while in and about her home.

211.   Plaintiff Amari Wright, a minor by and through his parent and natural guardian Malinda Taylor, was born on August 18, 2006 and is an individual citizen and resident of the State of New Jersey, residing therein at 54 Roosevelt Avenue, Borough of Paulsboro, Gloucester County.

212.   Plaintiff Anaysia Griffin, a minor, was born on February 26, 2004 and is an individual citizen and resident of the State of New Jersey, residing therein at 112 E. Madison Avenue, Borough of Paulsboro, Gloucester County.

Case ID: 130401885

213.   Anaysia Griffin was exposed when she drove with her mother, Plaintiff Anaysia Griffin, through the vinyl chloride "fog" to school. She was exposed thereafter while in and about her home.

214.   Plaintiff Deshaun Myricks, a minor by and through his parent and natural guardian Shakira Myricks, was born on February 26, 1996 and is an individual citizen and resident of the State of New Jersey, residing therein at 1315 Pine Street, Borough of Paulsboro, Gloucester County.

215.   Deshaun Myricks was exposed while at home on the date of the incident.

216.   Amari Wright was exposed while walking with his mother, Plaintiff Malinda Taylor, to Billingsport Elementary School and back home through the vinyl chloride "fog" after finding out about the crash and the school's closure due to the crash. Mr. Wright was exposed thereafter while in and about his home.

217.   Defendant Consolidated Rail Corporation, a/k/a CONRAIL, is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania with its principal place of business and/or corporate headquarters located at 1717 Arch Street, 32nd Floor, Philadelphia, P A. 19103.

218.   Defendant Consolidated Rail Corporation, a/k/a CONRAIL, at all relevant times acted on its own and through the actions of its agents, employees, servants and/or ostensible agents and owed a duty of care to Plaintiffs.

Case ID: 130401885

219.    Defendant Norfolk Southern Railway Company, a/k/a Norfolk Southern Corporation, is a corporation duly organized and existing under and by virtue of the laws of the State of Virginia, with its principal place of business located at Three Commercial Place, Norfolk, VA 23510.

220.    Defendant Norfolk Southern Railway Company, a/k/a Norfolk Southern Corporation, at all relevant times acted on its own and through the actions of its agents, employees, servants and/or ostensible agents and owe a duty of care to Plaintiffs.

221.    Defendant CSX Transportation, Inc. is a corporation duly organized and existing under and by virtue of the laws of a state of Virginia with its principal place of business and/or corporate headquarters located in Jacksonville, Florida and an office for the service of legal process at 2704 commerce Drive, Ste. B., Harrisburg, PA 17110 and with a registered agent as CT Corporation System, 1635 Market Street, Philadelphia, PA 19102 and its principal place of business at 500 Water Street, 15th Floor, Jacksonville, Florida 32202.

222.    Defendant CSX Transportation, Inc. at all relevant times acted through its agents, employees, servants and/or ostensible agents and owed a duty of care to Plaintiffs.

223.    Defendant Seminole Gulf Railway, L.P. is a corporation duly organized and existing under and by virtue of the laws of the State of Florida, with its principal place of business and/or corporate headquarters located at 4110 Centerpointe Drive #207, Fort Myers, Florida.

224.    Defendant Seminole Gulf Railway, L.P.  at all relevant times acted through its agents, employees, servants and/or ostensible agents and owed a duty of care to Plaintiffs.

Case ID: 130401885

225.   Defendants Conrail, Norfolk Southern, CSX and CSX Transportation and Seminole Gulf owned, controlled, managed and/or operated the Paulsboro Bridge and the train that derailed, causing massive quantities of toxic chemicals to spill and release into the environment.

226.   Defendants Conrail, Norfolk Southern, CSX, CSX Transportation and Seminole Gulf should have known and did know of defects and hazards on the Paulsboro Bridge that created an unreasonable risk of a tanker car derailment well before the date of the incident.

227.   Defendants Contrail, Norfolk Southern, CSX, CSX Transportation and Seminole Gulf, through their agents, servants, employees and apparent employees, should have known and did know that there was an unreasonable risk and danger of harm to the surrounding population if a train car derailed and released its toxic chemical contents into the environment.

228.   Defendants Conrail, Norfolk Southern, CSX, CSX Transportation and Seminole Gulf were negligent, careless and reckless in their conduct, as set forth in more detail below.

229.   Because of the highly hazardous and usually dangerous nature of the materials being transported across the Paulsboro Bridge, Defendants are strictly liable for the harms that resulted from the November 30 train derailment, as set forth in more detail below.

230.   Defendant OxyVinyls, LP is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business and/or corporate headquarters located at 5005 LBJ Freeway, Suite 2200, Dallas, Texas 75244-6119.

34

Case ID: 130401885

231.    Defendant OxyVinyls, LP at all relevant times acted through its agents, employees, servants and/or ostensible agents and owed a duty of care to Plaintiffs.

232.    Defendant Exxon Mobil Corporation is a corporation duly organized and existing under and by virtue of the laws of the State of Illinois with its principal place of business and/or corporate headquarters located at 5959 Las Colinas Boulevard, Irving Texas 75039.

233.    Defendant Exxon Mobil Corporation at all relevant times acted through its agents, employees, servants and/or ostensible agents and owed a duty of care to Plaintiffs.

234.    Defendant Union Tank Car Company is a corporation duly organized and existing under and by virtue of the laws of the State of Illinois with its principal place of business and/or corporate headquarters located at 175 West Jackson Boulevard, Chicago, Illinois 60604.

235.    Defendant Union Tank Car Company at all relevant times acted through its agents, employees, servants and/or ostensible agents and owed a duty of care to Plaintiffs.

236.    Defendant Murex, N.A., Ltd. is a corporation duly organized and existing under and by virtue of the laws of the State of Texas with its principal place of business and/or corporate headquarters located at 5057 Keller Springs Road, Suite 150, Addison, Texas 75001.

237.    Defendant Murex, N.A., Ltd. at all relevant times acted through its agents, employees, servants and/or ostensible agents and owed a duty of care to Plaintiffs.

238.    Defendant GATX Corporation is a corporation duly organized and existing under and by virtue of the laws of the State of New York with its principal place of business and/or corporate headquarters located at 222 West Adams Street, Chicago, Illinois 60606-5314.

239.    Defendant GATX Corporation at all relevant times acted through its agents, employees, servants and/or ostensible agents and owed a duty of care to Plaintiffs.

Case ID: 130401885

240.   Upon information and belief, Defendants OxyVinyls, LP, Munex and/or Exxon Mobil Corporation are the manufacturers, distributors and sellers of the vinyl chloride monomer that was being transported thorough residential areas of Paulsboro on November 30, 2012.

241.   Upon information and belief, Defendants OxyVinyls, LP, Exxon Mobil Corporation and Murex, N.A., Ltd. placed the vinyl chloride monomer into the stream of commerce that escaped into the environment on November 30, 2012.

242.   Upon information and belief, the dangerous and hazardous vinyl chloride monomer was being transported in tanks owned and operated by Defendants Union Tank Car Company and GATX Corporation.

243.   OxyVinyls, LP, Munex and Exxon Mobil Corporation manufacture and sell vinyl chloride monomer in large, commercial quantities for PVC manufacturing.

244.   Vinyl Chloride monomer exposure can affect the cardiovascular, respiratory and central nervous systems and can cause difficulty breathing, lung irritation, chest pains, coughing, dizziness, headaches, eye irritation and loss of consciousness.

245.   OxyVinyls, LP admits on its website vinyl chloride monomer is a "major health hazard" and is a "known human cancer agent."

246.   Specifically, OxyVinyls, LP admits that death is a potential health risk from just minutes of exposure to vinyl chloride monomer.

247.   Several weeks after the train derailment, Conrail and other Defendants offered to certain Paulsboro residents a ridiculously low amount of money to settle and circulated a release of claims that contained the following provision:

36

By signing this release you are forever barred from bringing a lawsuit or any claim against any of the companies or individuals listed on the release for any reason.

248.    The companies identified on the release are those identified in this action, namely:

    a.      Conrail;
    b.      Norfolk Southern;
    c.      CSX Corporation;
    d.      CSX Transportation;
    e.      Seminole Gulf Railway;
    f.      OxyVinyls;
    g.      Exxon Mobil;
    h.      Murex;
    i.      Union Tank Car; and
    j.      GATX Corporation.

249.    At all times relevant hereto, all Defendants acted through their respective agents, servants, workmen and/or employees, who were acting in the course and scope of their employment and service.

**II.    Facts Underlying All Claims**

250.    On or about the morning of November 30, 2012, Defendants owned, operated, controlled, managed and maintained a certain bridge which spanned the Mantua Creek, in Paulsboro, Gloucester County, New Jersey known as the Paulsboro Bridge.

251.    The Paulsboro Bridge in fact had been owned, operated, controlled, managed and maintained by Defendants for a significant amount of time before November 30, 2012.

252.    On November 30, 2012 at approximately 7:00 a.m., a railroad train operated by various Defendants derailed while crossing the Paulsboro bridge.   The bridge partially collapsed and four railroad tank cars plunged into the creek.

253.    The derailment caused a massive spill of vinyl chloride from at least one of the damaged tank cars.   Vinyl chloride is a highly a potent human carcinogen.

37

254.   The bridge in question has had a significant history of failure. A similar derailment and collapse occurred in the same place on August 23, 2009. Even after purported repairs to the bridge, nearby residents reported to various Defendants prior to the November 30, 2012 derailment that they heard strange noises coming from the bridge, including a loud "bang" when no train was on it.

255.   The Paulsboro bridge was built in approximately 1873.

256.   The Paulsboro bridge is a "swing bridge" and can be positioned to permit water travel along the Mantua Creek or to permit rail traffic over the Mantua Creek.

257.   A train cannot safely cross the Paulsboro bridge unless the bridge aligns and locks with the adjacent rails.  A green light signal indicates the bridge is locked and a red light signal indicates it is not locked.

258.   Prior to November 30, 2012, over roughly a one-year period, Defendants servants, workmen received no fewer than 23 "trouble tickets" reporting that the Paulsboro bridge had malfunctioned and/or required maintenance.

259.   During the period from October 27, 2012 to the time of the derailment on November 30, 2012,  Defendants, through their respective agents, servants, workmen and/or employees, received at least nine "trouble tickets" reporting the improper operation of the Paulsboro bridge and/or malfunctioning of the bridge.

260.   On November 19, 2012, just days before the accident, a rail crew reported to Defendants that the Paulsboro bridge had malfunctioned in that the track on the bridge had failed to properly connect and lock with the track on either side of the bridge.

Case ID: 130401885

261.    Approximately eight hours before the accident, another train crew reported to Defendants that the Paulsboro bridge had malfunctioned and had failed to operate properly.

262.    Defendants' own operating procedures required inspection of the Paulsboro bridge every three months.

263.    A mechanical inspection of the subject bridge should have been performed in or about September 2012.

264.    Defendants failed to perform the mandated inspection of the bridge in September 2012 and/or failed to perform a proper inspection.

265.    Prior to the November 30 derailment, Defendants had employed an operator whose job was to move the Paulsboro bridge into the proper position, lock the bridge to the tracks on either side of it, and inspect to make certain that the bridge was properly aligned and locked with the adjacent rails before permitting any trains to move over the bridge.

266.    Prior to the derailment, in an apparently reckless cost cutting measure, Defendants eliminated the bridge operator position and replaced that individual with an electronic/mechanical system.

267.    On the morning of November 30, 2012, one of Defendants' train crews attempted to remotely move the Paulsboro bridge into its closed position to enable a multi-car train to cross the Mantua Creek and further proceeded to remotely lock the tracks on the bridge to the tracks on either side of the bridge.

268.    The green and red light indicators failed to work properly at the time of the incident. Even though the train crew had used the remote control to align and lock the bridge, the signal light remained red.

39

269.    Defendants' train crew contacted the dispatcher and requested permission to cross the bridge despite the fact that signal was red.

270.    On the morning of November 30, 2012, despite the presence of a red signal, the Defendants' dispatcher authorized the same crew to cross the Paulsboro bridge.

271.    As the train crossed the Paulsboro bridge, due to the negligence and recklessness of the Defendants, the train derailed.  As a result of its derailing, several cars were caused to fall in the Mantua Creek and be breached and their contents released.

272.    One of the tank cars that derailed was carrying vinyl chloride, massive quantities of which were released into both the water and the atmosphere.

273.    Approximately 180,000 pounds of the vinyl chloride were released into the environment.

274.    The entire surrounding neighborhood became engulfed in a toxic cloud of vinyl chloride gas.  The vinyl chloride fog was so thick that it was difficult to see through it.

275.    Vinyl chloride is flammable, explosive and a known human carcinogen that is known to cause angiosarcoma of the liver, hepatocellular carcinoma, and other cancers, including brain cancer.

276.    Acute exposure to vinyl chloride harms the central nervous system causing dizziness, drowsiness, headaches, giddiness, loss of consciousness, lung and kidney irritation and inhibition of blood clotting.

277.    As a result of the chemical spill, the odor of vinyl chloride permeated the area: Dozens of people required treatment at a local hospital. Hundreds, if not thousands, were evacuated from their houses, from business and from schools.

Case ID: 130401885

278.    Just one pound of vinyl chloride can contaminate five acres to a level of 2 ppm. The release of approximately 180,000 pounds of vinyl chloride had to result in levels well in excess of 5,000 ppm. It is likely that everyone within a one-mile radius of the train derailment was exposed to far greater than 5 ppm averaged over a period far greater than 15 minutes and far more than 1 ppm averaged over an 8-hour period.

279.    Reports indicate that efforts to remove the vinyl chloride from the remaining rail cars was not completed for several days and that significantly elevated readings of vinyl chloride in the air were detected for at least five days after the incident.

280.    The November 30, 2012 derailment was caused by the negligence and recklessness of Defendants.

281.    As a result of the negligence, carelessness, and recklessness of Defendants, each of the Plaintiffs in this action was exposed to dangerous and harmful levels of vinyl chloride and other dangerous and toxic fumes and substances released into the water and the atmosphere by the rail cars that derailed and/or fell off of the Paulsboro bridge.

282.    The injuries Plaintiffs have suffered and will suffer were caused solely and exclusively by Defendants and were in no manner whatsoever caused or contributed to by any act or omission on the part of Plaintiffs.

283.    Defendants' actions/inactions as well as Defendants' recklessness have increased the risk of harm to Plaintiffs.

41

284.    As a result of the derailment, Plaintiffs sustained various physical injuries, including damage to their eyes, respiratory systems, neurological injuries, injuries to their internal organs, pain and suffering, and mental anguish and distress, and have been and will be required to incur medical expenses on behalf of themselves and on behalf of the minor Plaintiffs. Some or all of the above injuries are or may be permanent in nature.

285.    As a result of the derailment, Plaintiffs sustained various injuries to their bodies, including, but at this time not limited to, their bones, cells, tissues, nerves, muscles and functions. Plaintiffs sustained injuries to their eyes, skin, respiratory system, neurological system, internal organs as well as increased likelihood of developing cancer and diseases of the blood, the fears associated with same; and severe physical, emotional and psychological pain and suffering. Some or all of the above injuries are or may be permanent in nature.

286.    As a result of the derailment, Plaintiffs have suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future and will have to continue to expend large sums of money in the future to treat the aforesaid injuries.

287.    As a result of the derailment, Plaintiffs have suffered a loss of the value of their real and personal property, have suffered a diminution of value of their real and personal property, and will suffer for same an indefinite time in the future.

288.    The amount in controversy is in excess of the arbitration limits of Fifty Thousand ($50,000.00) Dollars.

Case ID: 130401885

## COUNT I - NEGLIGENCE
## ALL PLAINTIFFS VS. ALL DEFENDANTS

289.    Plaintiffs incorporate by reference the allegations above as though fully set forth here.

290.    Defendants' wrongful conduct included the following:

a.    Failure to properly inspect the Paulsboro bridge;

b.    Failure to properly discover the defective, malfunctioning and unsafe condition of the Paulsboro bridge;

c.    Failing to repair the Paulsboro bridge;

d.    Failing to properly maintain Paulsboro bridge;

e.    Failing to heed prior complaints that the Paulsboro bridge failed to operate properly, failed to properly align and failed to properly lock;

f.    Failing to heed the complaints of other crews both 10 days before this derailment and just hours before this derailment concerning the failure of the Paulsboro bridge to properly operate, properly align and properly lock;

g.    Permitting a train to cross the Paulsboro bridge even though there was a red signal that indicated that the bridge was not properly aligned and/or was not properly locked;

h.    Failure to have properly trained personnel to detect the condition of the Paulsboro bridge, and whether the bridge was properly aligned and locked, prior to permitting the train to cross despite a red signal;

i.    Failure to employ a bridge operator who was trained to operate the Paulsboro bridge and to inspect it prior to permitting to cross;

43

j.      Failing to perform required inspections on the Paulsboro bridge;

k.      Permitting highly hazardous, toxic, extremely dangerous, poisonous substances and carcinogenic substances to be transported across the Paulsboro bridge despite the presence of a red signal indicating that the bridge was not properly aligned and/or locked;

l.      Failing to take reasonable, necessary and proper precautions for the safety of those individuals living, working, and otherwise located in the vicinity of the Paulsboro bridge;

m.      Failing to warn those individuals living, working, and otherwise located near the Paulsboro bridge that hazardous substances were being transported across the bridge despite Defendants knowing it was unsafe for a train to cross the bridge under the circumstances existing on the morning of November 30, 2012;

n.      Failure to take necessary precautions despite engaging in an ultra-hazardous activity;

o.      Failure to properly inspect, maintain and repair the signal system associated with the Paulsboro bridge;

p.      Failure to comply with the Defendants' own safety, operating and other rules, procedures and regulations;

q.      Failure to have a qualified bridge mechanic or engineer, signal operator or signal department personnel, or maintenance of way personnel inspect the bridge and the tracks before permitting the train to travel over the Paulsboro bridge despite the red signal; and

r.      Permitting untrained and unqualified personnel to make the decision to authorize train traffic to proceed over the bridge despite the presence of the red signal.

Case ID: 130401885

291.   The derailment, bridge collapse, and release of vinyl chloride was caused by the negligence of the Defendants.

292.   Upon information and belief, Plaintiffs aver that the derailment, bridge collapse, and release of vinyl chloride were caused by the negligence of the Defendants as set forth above.

293.   In addition, and in the alternative, the derailment, bridge collapse, and release of vinyl chloride was caused by defective equipment, which was in the care, custody and control of Defendants. Defendants knew or should have known of these defects and are, therefore, liable for them.

*WHEREFORE*, Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, and ask the Court to award them compensatory damages, plus such interest and costs as are allowed by law, together with such other damages as this Court deems equitable and just.

**COUNT II – NUISANCE**
**ALL PLAINTIFFS VS. ALL DEFENDANTS**

294.   Plaintiffs incorporate by reference the allegations contained above as though fully set forth here.

295.   The actions of Defendants have created a nuisance condition on the property of Plaintiffs that has unreasonably interfered with each Plaintiffs' use and enjoyment of his/her property, greatly impaired his/her quality of life and has caused Plaintiffs to suffer diminution of property value.

Case ID: 130401885

*WHEREFORE,* Plaintiffs demand judgment in their favor and against Defendants, jointly, severally and/or in the alternative and ask the Court to award them compensatory damages, plus such interest and costs as are allowed by law, together with such damages as this Court deems equitable and just.

**COUNT III – TRESPASS**
**ALL PLAINTIFFS VS. ALL DEFENDANTS**

296.    Plaintiffs incorporate by reference the allegations contained above as though fully set forth here.

297.    The actions and omissions of Defendants, described in this Complaint, have caused vinyl chloride to migrate onto the properties of the Plaintiffs, thereby trespassing on Plaintiffs' properties and causing a diminution of property value.

298.    As a result of the trespass described above, Plaintiffs who are property owners have suffered property loss and damages as and a diminution property value due to the contamination by the vinyl chloride.

*WHEREFORE,* Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, and ask the Court to award them compensatory damages, plus such interest and costs as are allowed by law, together with such damages as this Court deems equitable and just.

**COUNT IV - STRICT LIABILITY**
**ALL PLAINTIFFS vs. ALL DEFENDANTS**

299.    Plaintiffs incorporate by reference the allegations contained above as those fully set forth here.

46

300.   At all relevant times, Defendants were responsible for the proper transportation and distribution of hazardous substances across the Paulsboro bridge.

301.   At all relevant times, Plaintiffs incurred injuries and various costs relating to their exposures to vinyl chloride and other hazardous substance.

302.   As a result of the derailment, Plaintiffs have suffered a loss of the value of their real and personal property, have suffered a diminution of value of their real and personal property, loss of enjoyment of natural resources, including the Mantua Creek waterway, and will suffer same for an indefinite time in the future and will have to continue to expend large sums of money in the future in an effort to cure these losses and damages.

303.   As a proximate result of Defendants actions and failure to act, Plaintiffs have been exposed to dangerous and harmful levels of vinyl chloride and, therefore, are placed at a significantly increased risk of contracting serious diseases, e.g., angiosarcoma of the liver, liver cancer, brain cancer, Raynaud's syndrome, and other cancers. Further Plaintiffs have suffered severe physical, emotional and psychological pain and suffering as described throughout this Complaint.

304.   Defendants are strictly liable for the injuries and losses Plaintiffs have sustained.

*WHEREFORE,* Plaintiffs demand compensatory damages, reasonable other damages, together with interest, attorneys' fees and costs of suit.

<u>COUNT V - RECKLESSNESS</u>
**ALL PLAINTIFFS VS. ALL DEFENDANTS**

305.   Plaintiffs incorporate by reference the allegations contained above as though fully set forth here.

47

Case ID: 130401885

306.    As described above, Defendants acted in an outrageous, willful and grossly careless and negligent manner, with unreasonable disregard for the safety of persons and property within the vicinity of the Paulsboro bridge.

307.    Defendants acted with a wanton disregard and reckless indifference to Plaintiffs' rights and welfare, safety, health and well-being.

308.    As a result of the outrageous, willful, reckless and grossly careless conduct of Defendants, in which there was a wanton disregard and reckless indifference to Plaintiffs' rights and welfare, Plaintiffs are entitled to punitive damages.

*WHEREFORE,* Plaintiffs demand punitive damages, together with interest, attorneys' fees and costs of suit.

## COUNT VI - MEDICAL MONITORING
### ALL PLAINTIFFS VS. ALL DEFENDANTS

309.    Plaintiffs incorporate by reference the allegations contained above as though fully set forth here.

310.    As a result of Defendants' misconduct, Plaintiffs were exposed to significant quantities of vinyl chloride, a potent human carcinogen. Though the potential consequences of this exposure can be severe, even life-threatening, they often do not manifest themselves immediately.

311.    As a proximate result of Defendants' actions and failure to act, as well as Defendants' recklessness, Plaintiffs have been placed at a significantly increased risk of contracting serious diseases, *e.g.,* angiosarcoma of the liver, liver cancer, brain cancer, Raynaud's syndrome, and other diseases. There are medical monitoring procedures that can alert persons, like Plaintiffs, to the early developments of such serious and life threatening diseases. This

48

Case ID: 130401885

monitoring is beneficial and reasonably necessary according to contemporary medical and scientific principles.

312.    As a result of Defendants' misconduct, as set forth in this Complaint, Plaintiffs are entitled to a medical monitoring program funded by Defendants, under court supervision, including but not limited to, testing and screening for latent medical conditions, in addition to costs and reasonable attorneys' fees.

313.    Plaintiffs have no adequate remedy at law in that monetary damages alone do not compensate for their wrongful exposure to vinyl chloride and a monitoring program that ascertains the presence of injury and aids in early detection and treatment can prevent greater harms.

49

Case ID: 130401885

*WHEREFORE,* Plaintiffs demand judgment in their favor and against Defendants,

jointly and severally, and ask the Court to award them equitable relief of medical services,

compensatory and damages, plus such interest and costs as are allowed by law, together with

such damages as this Court deems equitable and just.

LAYSER & FREIWALD, P.C.

By: _____

AARON J. FREIWALD
JOSEPH MARANO
Attorneys for Plaintiffs

Dated: 1/12/13

LAW OFFICES OF HOFFMAN, DIMUZIO

By: _____

SCOTT C. MCKINLEY

Dated:



RECEIVED
APR 1 2 2013
By

50

Case ID: 130401885

VERIFICATION

I, AARON J. FREIWALD, ESQUIRE, hereby certify that the facts set forth in the

foregoing Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that false statements herein made are subject to the penalties of 18

Pa. C.S. Section 4904 relating to unsworn falsification to authorities.


_____
AARON J. FREIWALD


DATED: 4/12/13

RECEIVED APR 1 2 2013 By

Exhibit B

**LAYSER & FREIWALD, P.C.**
By:    Aaron J. Freiwald, Esquire
Attorney I.D. No. 78028
ajf@layserfreiwald.com
        Joseph Marano, Esquire
Attorney I.D. No. 88451
jm@layserfreiwald.com
1500 Walnut Street, 18th Floor
Philadelphia, PA 19102
(215) 875-8000
**LAW OFFICES OF HOFFMAN, DIMUZIO**
By:    Scott C. McKinley, Esquire
smckinley@hdhlaw.com
1739-1753 Delsea Drive
P.O. Box 285
Franklinville, NJ 08322
856- 694-0306
*Pro Hac Vice Application Pending*



Attorneys for Plaintiffs

| | | |
|---|---|---|
| KYLE SPEARS, ET AL.<br>            Plaintiffs | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| | : | |
| v. | : | APRIL TERM, 2013 |
| | : | |
| CONSOLIDATED RAIL CORPORATION<br>a/k/a CONRAIL, ET AL.<br>            Defendants | :<br>:<br>:<br>: | NO.: 1885 |

## PRAECIPE TO DISMISS WITHOUT PREJUDICE

TO THE PROTHONOTARY:

    Kindly withdraw Jeffrey Haines as a Plaintiff in the above action.  Mr. Haines should be

dismissed without prejudice.

Respectfully submitted,

**LAYSER & FREIWALD, P.C.**

BY: _____

AARON J. FREIWALD, ESQUIRE

DATED: 4/17/13

Exhibit C

**LAYSER & FREIWALD, P.C.**
By:    Aaron J. Freiwald, Esquire
Attorney I.D. No. 78028
ajf@layserfreiwald.com
        Joseph Marano, Esquire
Attorney I.D. No. 88451
jm@layserfreiwald.com
1500 Walnut Street, 18th Floor
Philadelphia, PA 19102
(215) 875-8000
**LAW OFFICES OF HOFFMAN, DIMUZIO**
By:    Scott C. McKinley, Esquire
smckinley@hdhlaw.com
1739-1753 Delsea Drive
P.O. Box 285
Franklinville, NJ 08322
856- 694-0306
*Pro Hac Vice Application Pending*                    Attorneys for Plaintiffs

---

| | | |
|---|---|---|
| KYLE SPEARS, ET AL. | : | |
| Plaintiffs | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| | : | |
| v. | : | APRIL TERM, 2013 |
| | : | |
| CONSOLIDATED RAIL CORPORATION | : | NO.: 1885 |
| a/k/a CONRAIL, ET AL. | : | |
| Defendants | : | |
| | : | |

---

## PRAECIPE TO DISMISS WITHOUT PREJUDICE

TO THE PROTHONOTARY:

        Kindly withdraw Mark Cooper as a Plaintiff in the above action.  Mr. Cooper should be

dismissed without prejudice.

                                        Respectfully submitted,

                                        **LAYSER & FREIWALD, P.C.**

                        BY:

                                        AARON J. FREIWALD, ESQUIRE

DATED: 5/2/13

## CERTIFICATE OF SERVICE

I, AARON J. FREIWALD, ESQUIRE, hereby certify that service of a true and correct copy of the attached Praecipe to Dismiss without Prejudice was served on opposing counsel on this date, via United States First Class Mail, Postage Prepaid, as follows:

> Jacqueline M. Carolan, Esquire
> Fox Rothschild LLP
> 2000 Market Street, Twentieth Floor
> Philadelphia, PA 19103-3222
>
> Michael F. McKeon, Esquire
> Lavin, O'Neil, Ricci, Cedrone & DiSipio
> 190 North Independence Mall West
> Suite 500, 6th & Race Streets
> Philadelphia, PA  19106
>
> Stephen M. Calder, Esquire
> Palmer Biezup & Henderson LLP
> 630 Race Street, Suite 401
> Philadelphia, PA 19106

LAYSER & FREIWALD, P.C.

BY:  _____
AARON J. FREIWALD, ESQUIRE

DATED: 5/2/13